*In re* ANTHONY J. MEDINA FLORES, querellado.

*Número:* AB-2001-145          *Resuelto:* 30 de noviembre de 2001

*Virgen M. Rivera Merlo*, querellante.

PER CURIAM:

I

El 19 de junio de 2001 el Sr. Juan M. Mojica Rivera y su madre, la Sra. Virgen M. Rivera Merlo, presentaron una

queja contra el Lcdo. Anthony J. Medina Flores. En ésta alegaron, en síntesis, que el licenciado Medina Flores fue designado abogado de oficio(¹) para llevar a cabo el trámite de apelación de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, en la que el señor Mojica Rivera resultó convicto por los delitos de asesinato en primer grado, infracción a la ley de armas y tentativa de asesinato.(²) Sostuvieron, sin embargo, que el licenciado Medina Flores no cumplió con su deber al dejar pasar el término provisto en la ley para presentar el escrito de apelación ante el Tribunal de Circuito de Apelaciones.

El 27 de junio de 2001 la Secretaria de este Tribunal le notificó al licenciado Medina Flores, por correo certificado con acuse de recibo, la queja presentada en su contra. La misiva fue reclamada pero no contestada.

Mediante Resolución de 7 de septiembre de 2001, *motu proprio*, le concedimos al licenciado Medina Flores un plazo de diez (10) días, "a partir de la notificación de esta Resolución" para que contestara la queja presentada en su contra. Además, le advertimos que "su incumplimiento con esta Resolución podría conllevar sanciones disciplinarias, incluyendo la suspensión al ejercicio de la abogacía". Dicha resolución fue notificada personalmente al licenciado Medina Flores por el alguacil de este Tribunal. A pesar de lo anterior, al día de hoy éste aún no ha comparecido y cumplido con nuestra Resolución de 7 de septiembre.(³)

---

(¹) Conforme se desprende de los documentos que obran en autos, el 19 de octubre de 2000 el Tribunal de Primera Instancia, Sala Superior de Humacao (Hon. Wilfredo Rodríguez Figueroa, Juez), designó al Lcdo. Anthony J. Medina Flores abogado de oficio para que continuara con la representación legal del señor Mojica Rivera.

(²) Así surge de los documentos que obran en autos.

(³) Cabe señalar que, aparte de la Queja Núm. AB–2001–145, el licenciado Medina Flores tiene pendiente la Queja Núm. AB–2001–234, presentada en su contra por el Sr. Eustaquio García Lebrón en la Oficina del Procurador General. En ésta el señor García Lebrón alegó que el licenciado Medina Flores autorizó una escritura de compraventa de una parcela que el vendedor poseía en usufructo. Adujo que ésta no había logrado acceso registral debido a que el Departamento de la Vivienda no autorizaba la cesión del usufructo antes mencionado. Finalmente, sostuvo que el licenciado Medina Flores no lo asesoró debidamente, ya que el hecho de que el vendedor poseía la parcela en concepto de usufructo surgía de la escritura por él autorizada.

## II

Reiteradamente hemos expresado que, independientemente de los méritos de una queja, los abogados están obligados a obedecer y responder diligentemente los requerimientos del Tribunal Supremo en la esfera disciplinaria. Véanse: *In re Cuevas Velázquez*, 151 D.P.R. 593, 604 (2000); *In re Bray Leal*, 150 D.P.R. 888, 890–891 (2000); *In re Negrón Negrón*, 146 D.P.R. 928, 929 (1998); *In re Guemárez Santiago I*, 146 D.P.R. 27, 29 (1998). Igualmente, hemos expresado que no toleraremos la injustificada y obstinada negativa de un abogado de cumplir con nuestras órdenes en la esfera disciplinaria. *In re Agrait Defilló*, 151 D.P.R. 894, 896 (2000). La conducta displicente de dejadez, indiferencia y falta de diligencia en responder a nuestras órdenes en esta materia conlleva sanciones disciplinarias, incluyendo la suspensión del ejercicio de la abogacía. *In re Laborde Freyre I*, 154 D.P.R. 112 (2001).

## III

Como se podrá observar, a pesar de nuestros requerimientos, prórrogas y advertencias, el licenciado Medina Flores aún no ha cumplido con nuestras órdenes. Su con-

---

El 5 de octubre de 2000 el Procurador le notificó al licenciado Medina Flores, por correo certificado con acuse de recibo, la queja presentada en su contra. Sin embargo, a pesar de que la comunicación fue recibida, éste no respondió a los requerimientos del Procurador. El 29 de mayo de 2001 el Procurador le envío un segundo requerimiento al licenciado Medina Flores, el cual tampoco fue respondido.

Ante tales circunstancias, el 25 de octubre de 2001 el Procurador nos sometió su Informe. Examinado éste, el 31 de octubre de 2001 emitimos una Resolución mediante la cual le concedimos al licenciado Medina Flores el plazo de quince (15) para que, a partir de la notificación de la Resolución, compareciera por escrito y contestara la queja presentada en su contra. Además, le ordenamos que expusiera las razones por las cuales no debía ser disciplinado por no contestar los requerimientos del Procurador General. Al igual que en la Resolución de 7 de septiembre de 2001, se le apercibió que su incumplimiento con lo ordenado podría conllevar sanciones disciplinarias en su contra, incluyendo la suspensión al ejercicio de la abogacía. La resolución fue notificada por correo y está pendiente de ser notificada personalmente. Cabe señalar que la notificada por correo no ha sido devuelta y el licenciado Medina Flores aún no ha comparecido.

ducta refleja un alto grado de indiferencia. Igualmente revela un claro desconocimiento en torno al cumplimiento de las obligaciones mínimas que exige la profesión a cada uno de sus miembros. Esta actitud displicente merece la más severa sanción disciplinaria. En consecuencia, se suspenderá al Lcdo. Anthony J. Medina Flores del ejercicio de la abogacía por tiempo indefinido y hasta que otra cosa disponga este Tribunal.

Se le impone, además, el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los foros judiciales y administrativos.

La Oficina del Alguacil de este Tribunal se incautará de la obra y del sello notarial, y se los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.