EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Carlos Pérez Olivo | Queja<br><br>2001 TSPR 175<br><br>155 DPR ___ |

Número del Caso: AB-2001-12

Fecha: 14/diciembre/2001

Oficina del Procurador General:
                        Lcda. Yvonne Casanova Pelosi
                        Procuradora General Auxiliar

Abogado de la Parte Querellada:

                        Por Derecho Propio

Materia: Conducta Profesional

    Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Carlos Pérez Olivo

AB-2001-12

PER CURIAM

San Juan, Puerto Rico a 14 de diciembre de 2001

I

El 12 de enero de 2001, el Sr. José A. Soto Mercado presentó ante la Oficina del Procurador General una queja contra el Lcdo. Carlos Pérez Olivo. Alegó que contrató los servicios profesionales de éste por la suma de $25,000, para que lo representara en un caso por violación a la Ley de Sustancias Controladas en el Tribunal Federal del Distrito de Puerto Rico. Adujo que el proceso incoado en su contra culminó en una alegación de culpabilidad para cumplir diez (10) años de prisión. Sostuvo que el abogado lo visitó en la cárcel

federal, le informó que la sentencia impuesta era injusta y que prepararía una apelación inmediatamente por la cantidad de $30,000 en concepto de honorarios. También alegó que el abogado le garantizó que si la apelación no le favorecía le devolvería dicha cantidad.

De otra parte, el señor Soto Mercado sostuvo que el licenciado Pérez Olivo lo visitó en varias ocasiones en la prisión indicándole que estaba trabajando en la apelación pero que, con el paso del tiempo, dejó de visitarlo y no supo más de él. No fue sino hasta mediados del año 2000 que le solicitó a otro abogado que le diera seguimiento a la alegada apelación presentada por el licenciado Pérez Olivo. Dicho abogado, luego de hacer las averiguaciones pertinentes, le indicó que ésta nunca fue presentada. Finalmente, sostiene, que tanto él como su familia han efectuado numerosas gestiones para comunicarse con el abogado querellado pero que las mismas han sido infructuosas.

El 6 de febrero de 2001, el Procurador le envió al licenciado Pérez Olivo una notificación de la queja en su contra para que expresara su posición en torno a la misma. La carta fue enviada a la dirección que aparece en el récord del Colegio de Abogados y en el expediente personal del Tribunal Supremo (P.O. Box 16244, San Juan, PR 00908). Sin embargo, ésta fue devuelta debido a que el apartado postal se había cerrado. El 4 de junio de 2001, el Procurador le envió la misma comunicación a una de las varias direcciones que constan de diferentes documentos en el expediente personal del licenciado Pérez Olivo en el Tribunal Supremo (Chase Manhattan Building, Suite 75-369 East 149 ST., Bronx NJ [sic] 10455). Ésta también fue devuelta por ser errónea la dirección.

El 2 de julio de 2001, el Procurador, mediante informe, nos indicó que como resultado de lo anterior, no había podido investigar y evaluar la queja presentada por el señor Soto Mercado.

Así las cosas, el 25 de enero de 2001, el señor Soto Mercado, acudió a este Tribunal con la misma queja que presentó en la Oficina del Procurador General.

La Secretaria de este Tribunal envió al licenciado Pérez Olivo, por correo certificado con acuse de recibo, en varias ocasiones y a las direcciones que aparecían en su expediente personal, una notificación de la queja.[1] Al igual que le ocurrió al Procurador, todas las notificaciones fueron devueltas por el abogado haber cambiado de dirección. Cabe señalar que ninguno de estos cambios fue notificado a la Secretaría de este Tribunal.

En atención a todo lo anterior, el 24 de julio de 2001, este Tribunal emitió una resolución mediante la cual le concedió al licenciado Pérez Olivo un plazo de veinte (20) días, (contados a partir de la notificación de la resolución), para que contestara la queja presentada en su contra. Además, le ordenó que informara la razón por la cual no había notificado su nueva dirección. Se ordenó al Alguacil de este Tribunal que notificara dicha resolución personalmente. Sin embargo, todas las gestiones realizadas por el Alguacil para localizar al licenciado Pérez Olivo resultaron infructuosas.[2]

II

En el presente caso el licenciado Pérez Olivo fue admitido al ejercicio de la abogacía el 3 de enero de 1974. A esa fecha la dirección que aparecía en su expediente personal era la Calle Flores Núm. 115, Santurce PR. El 28 de febrero de 1974 fue admitido al ejercicio de la notaría. Surge del "Juramento del Peticionario" [sobre admisión al ejercicio de la profesión notarial] que su dirección era la Calle Mayagüez Núm. 212, tercer piso (3B), Hato Rey, PR.

---

[1] Específicamente, le envió copia de la queja presentada a las direcciones siguientes: el 8 de febrero de 2001 al PO Box 16244, San Juan, PR 00908; el 15 de febrero al 259B, Calle Chile, San Juan, PR 00917; el 25 de junio al PO Box 16244, Condado Station, San Juan, PR 00908; y el 3 de agosto al Chase Manhattan Bank BLDG., Suite 75-369, East 149th Street, Bronx, NY 000010455.

[2] El Alguacil se dirigió a las siguientes direcciones que aparecen en distintos documentos en el expediente personal del licenciado Pérez Olivo: Calle Chile, Núm. 259B, San Juan, PR 00917 y al PO BOX 16244, San Juan, PR 00908. Además, éste verificó con la telefónica a través del 411 y a través de las Guías Telefónicas Comercial y Residencial.

Así las cosas, mediante "Notificación al Tribunal Supremo de Cambio de Oficina" presentada el 30 de septiembre de 1975 le informó a este Tribunal que, a partir de 1ro. de octubre de 1975 trasladaría su oficina al Ada's Building, Inc. (altos del Correo), Calle Loíza, Núm. 1957, Santurce, PR 00914. La moción fue firmada por éste y debajo de la misma hizo constar la siguiente dirección postal: Box 6805, Loiza Street Station, San Juan, PR 00914.[3]

El 3 de agosto de 1977, el Lcdo. José R. Seda, entonces Director de Inspección de Notarías Interino, le autorizó el traslado de su protocolo al Edificio Yale, Ponce de León 306, Puerta de Tierra, San Juan, PR.

Aproximadamente, tres (3) años más tarde, es decir, el 9 de junio de 1980, el licenciado Pérez Olivo renunció al ejercicio de la notaría por encontrarse prestando servicios legales en una agencia de gobierno de Nueva York.[4] Mediante Resolución de 25 de junio de 1980 este Tribunal dio por terminada la fianza notarial prestada por el Colegio de Abogados.

A partir de este momento, el licenciado Pérez Olivo no volvió a notificarle a este Tribunal de sus múltiples cambios de dirección, tanto en el estado de Nueva York como en Puerto Rico.

Cabe señalar que es a raíz de una querella presentada el 27 de febrero de 1996 por el Colegio de Abogados contra el licenciado Pérez Olivo, por falta de pago de la cuota de colegiación, que éste Tribunal se entera de la nueva dirección del abogado en Nueva York: Chase Manhattan Bank, Suite 44, 369 East 149th Street, Bronx, NY 10455. En atención a nuestra advertencia de suspenderlo (Resolución de 19 de abril de 1996), el 16 de mayo de 1996 el licenciado Pérez Olivo presentó una moción en la cual nos informó haber satisfecho la cuota adeudada al Colegio de Abogados. En dicha moción indicó como su dirección la siguiente: Calle Chile 259(B), San Juan,

---

[3] Es menester puntualizar que ésta es la única dirección informada formalmente a este Tribunal.

[4] Esta información surge de la comunicación que le enviara el Lcdo. Ramón Olivo Nieves (socio en aquel momento del licenciado Pérez Olivo) al entonces Director de Inspección de Protocolos, Lcdo. Govén D. Martínez Suris el 9 de junio de 1980.

PR 00917, Tel/Fax: 751-7305. Este cambio de dirección no fue formalmente informado a este Tribunal.

El 21 de julio de 1998, **por segunda ocasión**, el Colegio de Abogados acudió ante nos solicitando la suspensión del licenciado Pérez Olivo por cuotas adeudadas. Dicha petición fue notificada a la dirección antes mencionada. Mediante Resolución de 20 de octubre del mismo año le concedimos un término al licenciado Pérez Olivo para que se expresara en torno a la querella del Colegio. La resolución fue enviada por correo certificado con acuse de recibo a la última dirección que aparecía en su expediente, que como ya indicáramos, era la siguiente: Calle Chile 259(B), San Juan, PR 00917. Esta comunicación no fue reclamada. Finalmente, y luego de una investigación realizada por la Oficina de Alguaciles de este Tribunal, dicha resolución fue notificada el 17 de diciembre de 1998, personalmente, a la siguiente dirección: Ave. Wilson Núm. 1314, Condado, San Juan, PR 00901; Oficina: Ave. Monserrate AB, Carolina, PR. En esa misma fecha el licenciado Pérez Olivo nos informó mediante moción que había hecho el pago requerido por el Colegio. En dicha moción hizo constar como su nueva dirección la siguiente: P.O. Box 16244, Condado Station, San Juan, PR 00908, Tel. (787) 379-0793.

El 2 de noviembre de 2000, **por tercera ocasión**, el Colegio de Abogados nos solicitó la suspensión del licenciado Pérez Olivo por adeudar la cuota del Colegio. La querella fue enviada a la última dirección que aparecía en el expediente en el último documento que éste presentó al Tribunal. Es decir, se le envió al P.O. Box 16244, San Juan, PR 00908. A esa misma dirección le notificamos la Resolución de 15 de diciembre de 2000 advirtiéndole de las consecuencias que su incumplimiento acarrearía. Sin embargo, el correo devolvió el documento porque el apartado postal estaba cerrado. Nuevamente, esta actuación requirió una investigación de la Oficina de los Alguaciles y la resolución finalmente fue notificada el 18 de enero de 2001 en la Ave. Monserrate AB-22, Carolina, PR 00983. Ésta fue recibida por la secretaria Sra. Natividad Nieves. Cabe señalar que en dicha resolución hay una nota a manuscrito en la cual tanto la secretaria, señora

Nieves, como el Lcdo. Guillermo Batlle Olivo hicieron constar que desconocían el paradero del licenciado Pérez Olivo.

El 23 de marzo de 2001, el Colegio de Abogados presentó una moción mediante la cual nos informó que el licenciado Pérez Olivo había pagado la deuda que tenía con dicha institución. Este documento le fue notificado al Lcdo. Guillermo Batlle Olivo, quien representó al licenciado Pérez Olivo en esa ocasión. La notificación se hizo al Cond. Coral Beach TW I, Apt. 1619, Carolina, PR 00979.

Nuevamente, el 2 de octubre de 2001, el Colegio solicitó la suspensión del licenciado Pérez Olivo por falta de pago de cuota. Según el Colegio, esta querella se la había enviado a la última dirección que aparecía en el sistema de ellos: P.O. Box 16244, San Juan, PR 00908. A esa misma dirección este Tribunal le notificó por correo la correspondiente resolución. Éste nos devolvió el documento debido a que el apartado postal correspondiente a la dirección mencionada estaba cerrado. Una segunda notificación por correo le fue remitida a la dirección del estado de Nueva York que aparecía en el expediente. Ésta también fue devuelta.

III

Como hemos podido observar, lo antes descrito es un claro ejemplo de una conducta de indiferencia en torno al cumplimiento de las obligaciones mínimas que exige la profesión a cada uno de sus miembros. In re Medina Flores, res. 30 de noviembre de 2001. El no informar a este Tribunal los cambios de dirección postal y física tanto de su residencia como de su despacho, no sólo nos dificulta el velar porque la clase togada cumpla fielmente con los requerimientos de la profesión, sino que también obstaculiza el ejercicio de nuestra jurisdicción disciplinaria en casos de quejas presentadas por los ciudadanos. In re Rivera D'Ambrosse, res. 25 de abril de 1997, 142 D.P.R. Ap. (1997), 97 JTS 87; In re Figueroa Carrasquillo, res. 9 de enero de 2001, 2001 JTS 11. Véase, además, In re Sanabria Ortiz, res. 13 de diciembre de 2001.

La Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A impone a todo abogado la obligación de notificar cualquier cambio de su dirección a la Secretaría del Tribunal Supremo. **El incumplimiento de tal deber es suficiente para decretar la separación indefinida de la abogacía**. In re Berríos Pagán, 126 D.P.R. 458 (1990). Véanse, además: In re Figueroa Carrasquillo, supra; In re Capó, res. 4 de mayo de 2001, 2001 JTS 90 e In re Serrallés III, 119 D.P.R. 494 (1987).

A tenor con lo antes expuesto, resulta ineludible concluir que la conducta del licenciado Pérez Olivo constituye una violación a la Regla 9(j) de nuestro Reglamento. La dirección que actualmente se encuentra disponible en la Secretaría de este Tribunal no existe. Tampoco existe el apartado postal que para el área de San Juan dicho abogado le ha indicado al Colegio de Abogados es el suyo, donde recibe correspondencia.

IV

Tomando en consideración todo lo anterior, se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Carlos Pérez Olivo.

Esta Opinión Per Curiam y la Sentencia correspondiente se le notificará al licenciado Pérez Olivo por correo certificado con acuse de recibo a la última dirección que aparece en el expediente personal. Una vez remitida la misma por correo certificado con acuse de recibo, se considerará que el licenciado Pérez Olivo ha sido notificado de su suspensión y la misma será efectiva a partir de esa fecha.

Se le impone a éste el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los foros judiciales y administrativos.

Se dictará la correspondiente sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos Pérez Olivo

AB-2001-12

SENTENCIA

San Juan, Puerto Rico a 14 de diciembre de 2001

Por los fundamentos expuestos en la Per Curiam que antecede, se dicta sentencia suspendiendo inmediatamente e indefinidamente del ejercicio de la abogacía al Lcdo. Carlos Pérez Olivo.

Se le impone a éste el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los foros judiciales y administrativos.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton no intervino.

Isabel Llompart Zeno

Secretaria del Tribunal Supremo