EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Haydee C. Oliveras López De Victoria | 2005 TSPR 204 <br><br> 165 DPR _____ |

Número del Caso: AB-2003-209


Fecha: 30 de diciembre de 2005




Materia: Conducta Profesional
        (La suspensión será efectiva el 3 de enero de 2006
        fecha en que se le notificó al abogado de su suspensión
        inmediata.)




Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Haydee C. Oliveras López De
Victoria                                    AB-2003-209


PER CURIAM

San Juan, Puerto Rico, a 30 de diciembre de 2005.


El 25 de enero de 1985 Haydee C. Oliveras López de Victoria fue admitida al ejercicio de la abogacía.

Desde la fecha de su admisión, sólo ha tenido registrada una dirección residencial ante nos. **No ha notificado a este Tribunal ningún cambio de dirección**.

El 10 de septiembre de 2003 el Lcdo. Rafael A. Oliveras López de Victoria presentó ante nos una querella contra su hermana Haydee. Nos indicó que el padre de ambos había fallecido el 26 de septiembre de 1996 y que en su testamento había nombrado albacea del caudal hereditario a la Lcda. Haydee Oliveras López de Victoria. Señaló, además, que transcurridos casi siete años del fallecimiento

referido, la letrada **no había cumplido con ninguno de sus deberes de albacea**, por lo que no se había podido distribuir aún los bienes relictos. Más aun, alegó el querellante que los herederos **desconocían la dirección de la letrada**, por lo que no habían podido tomar medidas efectivas para remediar la situación. Explicó así mismo que luego de demandarla, **la habían emplazado por edictos**, sin éxito alguno.

En vista de la querella anterior, la Secretaría de este Tribunal intentó infructuosamente de comunicarse con Haydee Oliveras López de Victoria **por varios medios**, para que contestara la querella referida. Se le envió correspondencia postal con acuse de recibo a la dirección que tenía registrada ante este Tribunal, al igual que a otras dos direcciones posibles que surgían de su expediente, pero la correspondencia aludida fue devuelta por el correo federal, con indicación de que no había sido reclamada. También se investigó sobre su paradero con el Colegio de Abogados, a través de la guía telefónica; con el Departamento del Trabajo federal porque un familiar nos indicó que trabajaba allí en Washington; y mediante visitas por alguaciles del Tribunal a la dirección residencial que tiene registrada aquí, donde se nos informó que hace alrededor de quince años la querellada se mudó de dicho lugar. Incluso se indagó su paradero con otro abogado que la había representado antes. **Todas estas gestiones no dieron resultado**. **No hemos logrado localizar a la querellada**, por lo que no se le ha podido notificar de la querella en su contra.

## II

La Regla 9(j) del Reglamento del Tribunal Supremo le impone a todo abogado la obligación de notificar cualquier cambio de dirección postal o física, tanto de su residencia como de su oficina. Reiteradamente hemos señalado que el incumplimiento con esta obligación obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y es por sí sólo razón suficiente para decretar la suspensión indefinida del ejercicio profesional del abogado que incumple. In re: Torres Sepúlveda, 160 D.P.R. ___, 2003 TSPR 170, 2003 JTS 172; In re: Santiago Rodríguez, 160 D.P.R. ___, 2003 JTS 137, 2003 TSPR 137; In re: Pérez Olivo, 155 D.P.R. ___, 2001 TSPR 175, 2001 JTS 173; In re: Santiago Meléndez, 141 D.P.R. 75 (1996); In re: Morales y Rubín, 139 D.P.R. 44 (1995); In re: Serrallés III, 119 D.P.R. 494 (1987).

En el caso de autos, la querella ha incumplido crasamente con la obligación de mantenernos informado de su dirección actual, y así ha obstaculizado el ejercicio de nuestra jurisdicción disciplinaria. Es evidente por ello que no le interesa continuar siendo miembro de la profesión de abogado.

## III

Por los fundamentos expuestos, se decreta la suspensión inmediata e indefinida de Haydee Oliveras López de Victoria del ejercicio de la abogacía.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Haydee C. Oliveras López De
Victoria                                    AB-2003-209


SENTENCIA

San Juan, Puerto Rico, a 30 de diciembre de
2005.

Por los fundamentos expuestos en la Opinión
Per Curiam que antecede, la cual se hace formar
parte de la presente Sentencia, se decreta la
suspensión inmediata e indefinida de Haydee C.
Oliveras López de Victoria del ejercicio de la
abogacía.

Se le impone el deber de notificar a todos
sus clientes de su presente inhabilidad de
seguir representándolos, les devuelva
cualesquiera honorarios recibidos por trabajos
no realizados e informe oportunamente de su
suspensión a los distintos foros judiciales y
administrativos del país.

Además, deberá acreditar a este Tribunal el
cumplimiento con lo anterior dentro del término
de treinta días a partir de la notificación de
esta Opinión Per Curiam y Sentencia.

Lo pronunció, manda el Tribunal y certifica
la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo