EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Eugenio González Cardona | 2006 TSPR 29 <br><br> 166 DPR _____ |

Número del Caso: CP-2004-9

Fecha: 8 de febrero de 2006

 Abogado de la Peticionaria:

                    Por derecho propio

 Oficina del Procurador General:

                    Lcda. Noemí Rivera De León
                    Procuradora General Auxiliar

Conducta Profesional:
(La suspensión será efectiva el 21 de febrero de 2006 fecha
 en que se le notificó al abogado de su suspensión
 inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Eugenio González Cardona          CP-2004-009

PER CURIAM

San Juan, Puerto Rico, a 8 de febrero de 2006.

Eugenio González Cardona fue admitido al ejercicio de la abogacía el 26 de junio de 1996.

El 17 de noviembre de 2004 el Procurador General de Puerto Rico presentó una querella ante nos en contra de González Cardona. Le imputó cuatro cargos, a saber: (1) haber incumplido en varias ocasiones con las órdenes emitidas por el Tribunal de Primera Instancia; (2) no haber comparecido a la toma de varias deposiciones autorizadas por el tribunal, dilatando así los procedimientos y faltando al deber de puntualidad que establece el Canon 12 de Ética Profesional; (3) haber abandonado la representación de un cliente sin solicitar la autorización del tribunal para renunciar a tal representación, como lo

requiere el Canon 20 de Ética Profesional; y (4) violar el Canon 35 mediante conducta carente de la sinceridad y honradez que deben observar los abogados cuando comparecen ante los foros judiciales.

González Cardona contestó la querella y, en esencia, alegó que dicha querella era frívola y que representaba **"un desquite o represalia por parte del Procurador General"**.

El 2 de marzo de 2005 nombramos un Comisionado Especial para que atendiera este asunto y nos rindiera el informe correspondiente. Dicho Comisionado señaló una **primera vista** para el 5 de mayo de 2005, pero ésta no se celebró porque el querellado solicitó que dicha vista fuese **pospuesta**, por encontrarse él ausente de Puerto Rico. El Comisionado Especial entonces señaló la vista pendiente para el 29 de junio de 2005, pero el querellado **no compareció a este segundo señalamiento ni se excusó.**

Así las cosas, el Comisionado Especial hizo un **tercer señalamiento** de la vista en cuestión para el 6 de octubre de 2005 y el querellado **tampoco compareció.** En vista de ello, el 14 de octubre de 2005 el Comisionado Especial trajo el asunto a nuestra atención, haciendo hincapié en que las tres incomparecencias del querellado a las vistas señaladas **habían sido injustificadas.**

El 18 de noviembre de 2005 le dimos un término a González Cardona para que mostrara causa por la cual no debía ser separado de inmediato del ejercicio profesional

por sus injustificadas incomparecencias a las vistas señaladas por el Comisionado Especial referidas antes.

González Cardona compareció antes nos **tardíamente** doce días después de haber vencido el término que le habíamos concedido en la citada orden de mostrar causa. Nos indicó por primera vez que **desde hacía tres años** residía en el estado de la Florida, **a donde había mudado su domicilio.** Señaló, además, que tenía un apartado postal en Puerto Rico y un familiar recogía su correspondencia en dicho apartado **"cada tres o cuatro semanas"** y se la enviaba a la Florida y que por ello su correspondencia se demoraba **"de seis a ocho semanas"** en llegarle a sus manos. Explicó que esa era la razón de sus incomparecencias. Finalmente, en el escrito referido, González Cardona **nos notificó por primera vez su nueva dirección postal en Florida**, y solicitó un término adicional de treinta días para viajar a Puerto Rico y contratar un abogado para agilizar los procedimientos de este caso.

Transcurridos más de dos meses desde el referido último escrito de González Cardona, pasamos a resolver.

II

Como bien señala el Comisionado Especial en su informe a este Tribunal del 14 de octubre de 2005, las injustificadas ausencias de González Cardona a las vistas señaladas por dicho Comisionado constituyen **de por sí** una conducta impropia del querellado. Su gravedad queda de

manifiesto por el hecho de que el procedimiento disciplinario iniciado en su contra **hace alrededor de quince meses** todavía sigue pendiente sin que se haya podido comenzar a dilucidar aún los cargos formulados por el Procurador General en contra de González Cardona. Con la referida conducta, éste ha logrado dilatar dicho procedimiento considerablemente, ello en violación a su deber de responder expeditamente a los requerimientos del Comisionado Especial. Reiteradamente hemos señalado que los abogados deben una meticulosa atención y obediencia a las órdenes que reciben en los procedimientos sobre su conducta profesional, para que éstos se tramiten con prontitud y diligencia. Conducta como la desplegada aquí por González Cardona obstaculizan y debilita la función reguladora de la profesión que este Foro viene llamado a realizar, y ello por sí solo acarrea las más graves sanciones. *In re:* Otero Fernández, 145 D.P.R. 582 (1998); *In re:* Laborde Freyre, 144 D.P.R. 827 (1998); *In re:* Melecio Morales, 144 D.P.R. 824 (1998).

Además, González Cardona ha cometido otra violación grave de sus deberes profesionales. Reiteradamente hemos insistido en que los abogados deben cumplir con la obligación que les impone la Regla 9(j) del Reglamento del Tribunal Supremo de notificar cualquier cambio de dirección postal o física, tanto de su residencia como de su oficina. Una y otra vez hemos señalado que el incumplimiento con esta obligación obstaculiza el ejercicio de nuestra

jurisdicción disciplinaria y es por sí solo razón suficiente para decretar la suspensión indefinida del ejercicio profesional del abogado que incumple. *In re: Oliveras López de Victoria*, res. el 30 de diciembre de 2005, 166 D.P.R. ___, 2005 TSPR 203, 2005 JTS ____; *In re: Torres Sepúlveda*, res. el 19 de septiembre de 2003, 160 D.P.R. ____, 2003 TSPR 170, 2003 JTS 172; *In re: Santiago Rodríguez*, res. el 20 de agosto de 2003, 160 D.P.R. ___, 2003 TSPR 137, 2003 JTS 137; *In re: Pérez Olivo*, res. el 14 de diciembre de 2001, 155 D.P.R. ____, 2001 TSPR 175, 2001 JTS 173; *In re: Santiago Meléndez*, 141 D.P.R. 75 (1996); *In re: Morales y Rubín*, 139 D.P.R. 44 (1995); *In re: Serrallés III*, 119 D.P.R. 494 (1987).

En el caso de autos, el querellado incumplió durante tres años con la obligación de mantenernos informados de su dirección actual, y así ha obstaculizado el ejercicio de nuestra jurisdicción disciplinaria. Su práctica de mantener un apartado postal en Puerto Rico, que no atiende cotidianamente de modo alguno, mientras reside y trabaja fuera de Puerto Rico y tiene un apartado de correo activo fuera de la isla, sin informarle a este Tribunal de sus direcciones reales fuera de Puerto Rico, no cumple con la obligación que le impone la citada Regla 9(j). Tal práctica es más bien un artificio inaceptable.

III

En resumen, pues, González Cardona ha incumplido con varios deberes medulares que tenía como abogado, al ausentarse injustificadamente de las vistas convocadas para dilucidar la querella en su contra, que tiene aún pendiente, y al no notificarnos durante tres años de su cambio de dirección postal o física tanto de su residencia como de su oficina. Ha obstaculizado de varias formas, pues, el ejercicio de nuestra jurisdicción disciplinaria. Es evidente por ello que no le interesa continuar siendo miembro de la profesión de abogado y notario en Puerto Rico.

Por los fundamentos expuestos, se decreta la suspensión inmediata e indefinida de Eugenio González Cardona del ejercicio profesional.

Se le impone a Eugenio González Cardona el deber de notificar a todos sus clientes de Puerto Rico, si tiene alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país, si tiene algún asunto pendiente en éstos.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión Per Curiam y sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra notarial de Puerto Rico del abogado

suspendido y entregarla a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará una sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Eugenio González Cardona                    CP-2004-009

SENTENCIA

San Juan, Puerto Rico, a 8 de febrero de 2006.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se le impone a Eugenio González Cardona el deber de notificar a todos sus clientes de Puerto Rico, si tiene alguno, de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país, si tiene algún asunto pendiente en éstos.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra notarial de Puerto Rico del abogado suspendido y entregarla a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

CP-2004-009                    2


   Lo pronunció, manda el Tribunal y certifica la
Secretaria del Tribunal Supremo.




                          Aida Ileana Oquendo Graulau
                          Secretaria del Tribunal Supremo