EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> María J. Deliz Terrón | 2006 TSPR 89 <br><br> 168 DPR ____ |

Número del Caso: AB-2005-138

Fecha: 3 de mayo de 2006

Materia: Conducta Profesional
(La suspensión será efectiva el 17 de mayo de 2006 fecha en que se le notificó a la abogada de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RI

In re:


María J. Deliz Terrón                    AB-2005-138




PER CURIAM


San Juan, Puerto Rico, a 3 de mayo de 2006.


María J. Deliz Terrón fue admitida al ejercicio de la abogacía el 23 de agosto de 1989.

El 14 de julio de 2005, la Secretaría del Tribunal Supremo le envió una carta a la licenciada Deliz Terrón informándole que se había presentado en el Tribunal una queja en su contra, y requiriéndole que compareciera dentro del término de diez días para contestar la queja referida.

La carta mencionada antes fue enviada por correo certificado a la dirección que la abogada tenía registrada en el Tribunal Supremo. Dicha carta fue **devuelta** por el correo porque no era ya la dirección de la abogada. **Evidentemente la licenciada Deliz Terrón había cambiado su dirección sin notificárselo**

**al Tribunal, en violación del deber que impone la Regla 9(j) del Reglamento del Tribunal Supremo.**

El 7 de septiembre de 2005, un alguacil del Tribunal logró notificar personalmente a la licenciada Deliz Terrón la carta de la Secretaria del Tribunal referida antes, luego de que la abogada fuese localizada en otra dirección. No obstante tal notificación, la licenciada Deliz Terrón hizo caso omiso al requerimiento de la Secretaria formulado en la carta aludida. No contestó la carta.

En vista de lo anterior, el 17 de octubre de 2005 emitimos una Resolución concediéndole un término de diez días a la licenciada Deliz Terrón para comparecer ante nos y contestar la queja que tenía pendiente. En esa Resolución apercibimos a la abogada de que su incumplimiento con lo que se ordenaba allí conllevaría sanciones disciplinarias severas, incluso la suspensión del ejercicio de la profesión.

La Resolución referida le fue notificada a la licenciada Deliz Terrón personalmente el 28 de octubre de 2005, por un alguacil del Tribunal. Pasados ya varios meses desde que venció el término que se le había concedido en la Resolución a la licenciada Deliz Terrón, ésta no ha comparecido ante nos. Por segunda vez ha hecho caso omiso a un requerimiento del Tribunal con relación a una queja en su contra.

II

Surge de lo anterior que el procedimiento disciplinario iniciado por una queja en su contra hace varios meses todavía sigue pendiente sin trámite alguno por la inacción de la licenciada Deliz Terrón. Con la referida conducta, ésta ha logrado dilatar dicho procedimiento considerablemente, en violación a su deber de responder expeditamente a requerimientos sobre el particular. Reiteradamente hemos señalado que los abogados deben una meticulosa atención y obediencia a las órdenes que reciben en los procedimientos sobre su conducta profesional, para que éstos se tramiten con prontitud y diligencia. Conducta como la desplegada aquí por Deliz Terrón obstaculiza y debilita la función reguladora de la profesión y ello por sí solo acarrea las más graves sanciones. In re: Otero Fernández, 145 D.P.R. 582 (1998); In re: Laborde Freyre, 144 D.P.R. 827 (1998); In re: Melecio Morales, 144 D.P.R. 824 (1998).

Por otro lado, la licenciada Deliz Terrón ha hecho caso omiso a una Resolución de este Tribunal, violando así su deber de acatar rigurosamente las órdenes del Tribunal Supremo. Desatenderlas acarrea la imposición de sanciones severas. In re: Quiñones Cardona, res. el 18 de marzo de 2005, 164 D.P.R. ___, 2005 TSPR 53, 2005 JTS 59; In re: Lind Casado, res. el 8 de abril de 2005, 164 D.P.R. ___, 2005 TSPR 57, 2005 JTS 61; In re: Morales Lozada, res. el 6 de mayo de 2005, 164 D.P.R. ___, 2005 TSPR 68, 2005 JTS 73; In

re: González Carrasquillo, res. el 24 de mayo de 2005, 164 D.P.R.___, 2000 TSPR 78, 2005 JTS 83.

Finalmente, Deliz Terrón ha cometido otra violación grave de sus deberes profesionales. Reiteradamente hemos insistido en que los abogados deben cumplir con la obligación que les impone la Regla 9(j) del Reglamento del Tribunal Supremo de notificar cualquier cambio de dirección postal o física, tanto de su residencia como de su oficina. Una y otra vez hemos señalado que el incumplimiento con esta obligación obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y es por sí sólo razón suficiente para decretar la suspensión indefinida del ejercicio profesional del abogado que incumple. In re: Oliveras López de Victoria, res. el 30 de diciembre de 2005, 166 D.P.R. ___, 2005 TSPR 204, 2006 JTS 9; In re: Torres Sepúlveda, res. el 19 de septiembre de 2003, 160 D.P.R. ___, 2003 TSPR 170, 2003 JTS 172; In re: Santiago Rodríguez, res. el 20 de agosto de 2003, 160 D.P.R. ___, 2003 TSPR 137, 2003 JTS 137; In re: Pérez Olivo, res. el 14 de diciembre de 2001, 155 D.P.R. ___, 2001 TSPR 175, 2001 JTS 173; In re: Santiago Meléndez, 141 D.P.R. 75 (1996); In re: Morales y Rubín, 139 D.P.R. 44 (1995); In re: Serrallés III, 119 D.P.R. 494 (1987).

III

En resumen, pues, Deliz Terrón ha incumplido con varios deberes que tenía como abogada. En particular, ha obstaculizado de varias formas el ejercicio de nuestra

jurisdicción disciplinaria. Es evidente por ello que no le interesa continuar siendo miembro de la profesión de abogado y notario en Puerto Rico.

Por los fundamentos expuestos, se decreta la suspensión inmediata e indefinida de María J. Deliz Terrón del ejercicio profesional.

Se le impone a María J. Deliz Terrón el deber de notificar a todos sus clientes, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país, si tiene algún asunto pendiente en éstos.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión Per Curiam y sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra notarial de Puerto Rico de la abogada suspendida y entregarla a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe

Se dictará una sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RI

In re:

María J. Deliz Terrón                    AB-2005-138

SENTENCIA

San Juan, Puerto Rico, a 3 de mayo de 2006.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la suspensión inmediata e indefinida de María J. Deliz Terrón del ejercicio profesional.

Se le impone a María J. Deliz Terrón el deber de notificar a todos sus clientes, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país, si tiene algún asunto pendiente en éstos.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra notarial de Puerto Rico de la abogada suspendida y entregarla a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

AB-2005-138                    2


        Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.




                          Aida Ileana Oquendo Graulau
                          Secretaria del Tribunal Supremo