EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2007 TSPR 208 |
|---|---|
| Jeffrey O. Reyes Rivera | 172 DPR _____ |

Número del Caso: AB-2007-50

Fecha: 8 de noviembre de 2007

Materia: Conducta Profesional
        (La suspensión será efectiva el 27 de noviembre de
         2007 fecha en que se le notificó al abogado de su
         suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Jeffrey O. Reyes Rivera        AB-2007-50        Queja

PER CURIAM

San Juan, Puerto Rico, a 8 de noviembre de 2007.

El Sr. Jeffrey O. Reyes Rivera (en adelante, Reyes Rivera) fue admitido al ejercicio de la abogacía el 3 de julio de 2001 y al ejercicio de la notaría el 15 de enero de 2002.

El pasado 8 de marzo de 2007, la Secretaría del Tribunal Supremo le cursó una comunicación por correo certificado a Reyes Rivera, con relación a una queja presentada en su contra por la Sra. Gladys Tolentino Suero. En dicha misiva, se le concedía un término de 10 días a Reyes Rivera para contestar la queja mencionada. No obstante, la carta fue devuelta por el correo por la siguiente razón: "Unclaimed".

El 19 de abril de 2007, le remitimos a Reyes Rivera una segunda notificación mediante la cual se le concedió un término adicional de diez (10) días para contestar la referida queja. Sin embargo, Reyes Rivera no compareció dentro del término provisto.

El 19 de junio de 2007, mediante Resolución y bajo apercibimiento de suspensión del ejercicio de la profesión, se le concedió a Reyes Rivera un término de diez (10) días adicionales para contestar la queja presentada en su contra. Esta Resolución se le notificó a Reyes Rivera mediante entrega personal realizada por un alguacil del Tribunal el 28 de junio de 2007. A pesar de ello, al día de hoy Reyes Rivera no ha comparecido ante este Tribunal.

En vista de lo anterior, procedemos sin trámite ulterior.

II

Es obligación ineludible de todo abogado responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Así, hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias. In re Lloréns Sar, res. 5 de febrero de 2007, 2007 TSPR 31.

Por otra parte, es norma conocida que el abogado tiene el deber de notificar cualquier cambio de dirección, ya sea física o postal, a la Secretaria del Tribunal Supremo.

Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-AR. 9. El incumplimiento con esta obligación obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y resulta por sí sólo razón suficiente para decretar la suspensión indefinida del ejercicio de la profesión. In re Deliz Terrón, res. 3 de mayo de 2006, 2006 TSPR 89.

En el caso ante nos, Reyes Rivera incumplió con su deber de mantener actualizada su dirección con la Secretaría de este Tribunal. Además, al incumplir la Resolución antes referida, hizo caso omiso a nuestras órdenes. Asimismo, se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias.

En vista de lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría a Reyes Rivera. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal debe incautar la obra y sello notarial de Reyes Rivera y entregar los

mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Jeffrey O. Reyes Rivera          AB-2007-50          Queja

SENTENCIA

San Juan, Puerto Rico, a 8 de noviembre de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se le suspende inmediata e indefinidamente a Jeffrey O. Reyes Rivera del ejercicio de la abogacía y la notaría.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López y la Jueza Asociada señora Rodríguez Rodríguez no intervinieron.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo