*In re:* LCDA. NIEVES M. AGOSTINI DE TORRES, querellada.

*Número:* Mc-75-7      *Resuelto:* 30 de mayo de 1975

*Myriam Naveira de Rodón, Procuradora General,* y *Roberto
Armstrong, Jr., Procurador General Auxiliar,* abogados de
El Pueblo; *José Davidson Lampón, Rafael G. Vidal Roig* y
*Enid Colón Jiménez,* abogados ·de la querellada.

PER CURIAM: La señora Isabel Folch se quejó ante la Procu-
radora General de que encomendó a la abogada Nieves M.
Agostini de Torres, aquí querellada, la tramitación de una
reclamación por daños que alega sufrió al caerse en un esta-
blecimiento comercial en Bayamón, y que la abogada permitió,
por su falta de diligencia, que la causa de acción prescribiera
por el transcurso de más de un año. Hecha la investigación
correspondiente y sometida a este Tribunal, concedimos a la

querellada un término para mostrar causa por la cual no debía iniciarse el correspondiente trámite disciplinario.

La querellada ha comparecido y, sin cuestionar las alegaciones de la señora Folch, aduce que entre ellas no llegó a perfeccionarse un contrato de servicios profesionales, que le advirtió a la señora Folch que los daños eran mínimos pero que ésta pretendía una "cuantiosa reclamación", que le dio cita para visitar ambas el establecimiento comercial en que ella sufrió la caída y la señora Folch no se presentó, y que la señora Folch no le aportó las pruebas que la querellada le requirió. No obstante, surge del propio escrito de la querellada que hizo algunas gestiones iniciales, que luego abandonó. Donde falló la querellada fue precisamente en su ambivalencia frente a la señora Folch en cuanto a si aceptó o no hacerse cargo de su reclamación. Su indecisión desampara su actual excusa de que no llegó a concertarse un contrato de servicios profesionales entre ellas.

██ Conforme al Canon 26 del Código de Etica Profesional, 99 D.P.R. 1017, "[ningún] abogado está obligado a representar a determinado cliente y es su derecho el aceptar o rechazar una representación profesional." Pero en el descargo de su responsabilidad para con la persona que solicita sus servicios, el abogado debe ser claro y preciso en cuanto a si acepta o no representar sus intereses, y hacerlo saber a dicha persona sin lugar a equívocos. El abogado no puede ampararse en la ausencia de un contrato escrito, o en que no se le hiciera un abono inicial a sus honorarios, o en que no se hablara del importe o condiciones de sus servicios, para excusar su responsabilidad, si por sus actos induce al cliente a creer que ha aceptado su representación.

La conducta de la querellada merece nuestra censura, que no transciende más allá en vista de los particulares hechos de este caso.

*Se ordenará el archivo de la querella, sin perjuicio de*

*cualquier otra acción que en Derecho pudiera tener la señora Folch.*

El Juez Asociado Señor Rigau no intervino.