*In re* PEDRO A. OTERO FERNÁNDEZ.

*Número:* AB-94-107          *Resuelto:* 21 de mayo de 1998

*Jolanda Vélez Pérez,* quejosa; *Pedro A. Otero Fernández, pro se.*

PER CURIAM:

# I

El 7 de septiembre de 1994 la Sra. Jolanda Vélez Pérez presentó una declaración jurada en la cual alegó que el 29 de noviembre de 1990 le pagó al Lcdo. Pedro A. Otero Fernández la suma de mil dólares ($1,000) en concepto de honorarios y aranceles por el otorgamiento de una escritura pública de división de bienes gananciales y su posterior presentación ante el Registro de la Propiedad. En la declaración jurada se hace constar que, al momento de presentarse la queja, el licenciado Otero Fernández no había cumplido con lo acordado.

El 9 de septiembre de 1994 notificamos al licenciado Otero Fernández sobre la queja instada en su contra y le concedimos diez (10) días para expresar su posición. El 4 de octubre de 1994 el querellado compareció y se comprometió a presentar la escritura en el Registro de la Propiedad dentro de un término diez (10) días, aunque señaló que el pago recibido correspondía a los honorarios de abogado por el otorgamiento de la escritura en controversia y no por su presentación ante el Registro de la Propiedad.

Mediante la Resolución de 29 de noviembre de 1994, le concedimos al licenciado Otero Fernández treinta (30) días para que nos informara sobre la gestión registral que se había comprometido a realizar. El 8 de diciembre de 1994 el querellado presentó una moción informativa para señalar que había presentado la escritura ante el Registro de la Propiedad.[1] Acompañó su moción con una copia del asiento de presentación.

---

[1] De acuerdo con la moción informativa, el 29 de noviembre de 1994 se presentó la Escritura de División de Bienes Gananciales al Tomo 428, Folio 143, Escritura Núm. 10, Asiento 286, Registro de la Propiedad de Bayamón II.

El 4 de abril de 1995 le concedimos quince (15) días al querellado para que nos informara el resultado de sus gestiones. El 18 de mayo 1995 éste solicitó una prórroga por alegadamente haber estado enfermo. El mismo día le concedimos quince (15) días adicionales. El 26 de junio de 1995 le concedimos otros quince (15) días para informar las gestiones realizadas. El 19 de julio de 1995 el querellado compareció para solicitar de nuevo un término adicional por haber estado enfermo. El 26 de julio de 1995 tomamos conocimiento y le concedimos treinta (30) días adicionales. El 6 de octubre de 1995 le concedimos quince (15) días para que informara las razones por las cuales no había cumplido con la resolución del 26 de julio del mismo año y le apercibimos de que si no cumplía sería sancionado. El 25 de octubre de 1995 el licenciado Otero Fernández compareció para solicitar un término adicional por enfermedad. El 1ro de noviembre siguiente le concedimos hasta el 16 de noviembre de 1995 para cumplir. El 16 de noviembre volvió a comparecer para informar que luego de inquirir en el Registro de la Propiedad sobre el *status* de la escritura presentada, le informaron que ella aún no había sido calificada.

El 17 de mayo de 1996 le concedimos quince (15) días al querellado para que informara acerca de sus gestiones. El 31 de julio compareció para informar que se había comunicado por teléfono con el Registro de la Propiedad y que le informaron que la escritura no sería calificada hasta dentro de dos (2) meses. El 23 de agosto de 1996 tomamos conocimiento de lo anterior. El 6 de marzo de 1997 le concedimos al licenciado Otero Fernández veinte (20) días para que informara las gestiones realizadas, en cumplimiento con nuestra Resolución de 29 de noviembre de 1994. Compareció el 31 de marzo de 1997 e informó que, luego de inquirir por la escritura ante el Registro de la Propiedad, le indicaron que la persona encargada no había

ido a trabajar. El 18 de septiembre le concedimos al licenciado Otero Fernández quince (15) días para que informara acerca de las gestiones realizadas. Éste compareció para alegar enfermedad el 17 de octubre de 1997 y solicitar un término adicional para comparecer.

El 7 de noviembre de 1997 le concedimos diez (10) días para responder y le apercibimos de que el incumplimiento de la orden acarrearía la suspensión indefinida de la profesión. Compareció el 21 de noviembre, alegando enfermedad. Además, señaló en su reacción a la Resolución de 7 de noviembre de 1997 que había estado hospitalizado y aseguró que trataría de cumplir con nuestros requerimientos en un término de treinta (30) días. Su comparecencia vino acompañada de evidencia acreditativa de su condición cardíaca y del hecho de haber estado ingresando y egresando del hospital gran parte de 1997.

El 19 de diciembre de 1997 emitimos una resolución en la cual le concedimos un término final de treinta (30) días para cumplir con la Resolución de 18 de septiembre de 1997[2] y le apercibimos —de nuevo y de forma final— de que el incumplimiento con esta orden del Tribunal acarrearía la suspensión indefinida de la profesión.

Al día de hoy, el licenciado Otero Fernández no ha cumplido con nuestra última resolución.

## II

El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, le impone a los miembros de la clase togada la obligación de observar una conducta que se caracterice por el mayor respeto para con los tribunales. Anteriormente hemos señalado que la desatención a las órdenes

---

[2] Esta resolución le ordenaba al licenciado querellado que informara sobre las gestiones realizadas para dar cumplimiento con la Resolución de 29 de noviembre de 1994.

emitidas por los tribunales de justicia constituye un grave insulto a la autoridad de éstos, en directa violación al deber de la conducta exigida por el referido Canon IX. Véanse: *In re Claudio Ortiz*, 141 D.P.R. 937 (1996); *In re Colón Torres*, 129 D.P.R. 490 (1991); *In re Díaz García*, 104 D.P.R. 171 (1975). El claro menosprecio a la autoridad de este Tribunal, desplegado por el abogado querellado, y agravado por el hecho de que éste ocurre dentro de un procedimiento investigador de su conducta profesional, amerita su suspensión.

■ En *In re Colón Torres*, supra, pág. 494, sostuvimos que "[l]a naturaleza y la importancia de sus funciones reclaman del abogado una observancia estricta de las órdenes de los tribunales. Su voluntaria desobediencia a ese tipo de comunicación obstaculiza y debilita nuestra función reguladora de la profesión".

■ Es incuestionable que los deberes inherentes a la práctica de la abogacía, así como de la notaría, exigen una meticulosa atención y obediencia a las órdenes de este Tribunal, especialmente cuando se trata de procedimientos sobre su conducta profesional. A esos efectos, "[t]odos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal, respecto a una queja presentada en su contra que está siendo investigada". *In re Colón Torres*, supra, pág. 494. Véanse: *In re Claudio Ortiz*, supra; *In re Pagán Ayala*, 130 D.P.R. 678 (1992); *In re Bonaparte Rosaly*, 130 D.P.R 199 (1992); *In re Pagán Ayala*, 115 D.P.R. 814 (1984).

■ En numerosas ocasiones hemos señalado que el incumplimiento con las resoluciones de este Tribunal acarrea la imposición de sanciones disciplinarias severas que pueden culminar en la suspensión. *In re Claudio Ortiz*, supra; *In re Murphy Rodríguez*, 140 D.P.R. 245 (1996); *In re Méndez Matos*, 138 D.P.R. 475 (1995); *In re Romany*, 136

D.P.R. 647 (1994); *Col. Abogados P.R. v. Diversé, Colón, Rivera*, 136 D.P.R. 425 (1994); *In re Pérez Bernabé*, 134 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Colón Torres*, supra.

## III

El incumplimiento reiterado del licenciado Otero Fernández con las numerosas órdenes emitidas por este Tribunal, en particular con lo dispuesto en la Resolución de 29 de noviembre de 1994, así como su incomparecencia luego de haber sido advertido por segunda ocasión mediante la Resolución de 19 de diciembre de 1997, en cuanto a que el incumplimiento con lo ordenado por este Tribunal acarrearía su suspensión, constituyen una violación flagrante a su deber como miembro de la profesión de la abogacía y de la notaría y un insulto grave a la autoridad de este Tribunal, máxime cuando dicho incumplimiento surge dentro de un procedimiento para investigar su conducta profesional, al amparo de nuestra jurisdicción disciplinaria.

En vista de lo anterior, *ordenamos la suspensión temporera del licenciado Pedro A. Otero Fernández del ejercicio del notariado hasta tanto cumpla con las resoluciones dictadas por este Tribunal y hasta que otra cosa disponga este Tribunal. La obra notarial del licenciado Otero Fernández será incautada por el Alguacil de este Tribunal.*

*Díctese sentencia conforme a lo aquí dispuesto.*

El Juez Asociado Señor Rebollo López no intervino.