

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2012 TSPR 79 |
|---|---|
| Ismael Cuevas Borrero | 185 DPR ____ |

Número del Caso: CP-2010-2

Fecha: 28 de marzo de 2012

Abogado de la Parte Querellada:

      Lcdo. Roberto Alonso Santiago

Oficina de la Procuradora General:

      Lcda. Irene Soroeta Kodesh
      Procuradora General

      Lcda. Edna Evelyn Rodríguez
      Procuradora General Auxiliar

Materia: Conducta Profesional- La suspensión será efectiva el 23 de abril de 2012 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Ismael Cuevas Borrero

CP-2010-2

PER CURIAM

En San Juan, Puerto Rico, a 28 de marzo de 2012.

Una vez más, nos vemos obligados a ejercer nuestra facultad disciplinaria contra un abogado por considerar que sus actuaciones se apartan de las normas éticas que rigen el ejercicio de la profesión de la abogacía. Por las razones que se esbozan a continuación, ordenamos la suspensión inmediata del Lcdo. Ismael Cuevas Borrero del ejercicio de la abogacía y la notaría por el término de dos meses. Veamos los hechos que dieron origen a la querella de autos.

I

El Lcdo. Ismael Cuevas Borrero fue admitido al ejercicio de la abogacía el 17 de enero de 1995 y a la práctica de la notaría el 20 de octubre del

mismo año. El trasfondo de este caso se inicia cuando el 30 de marzo de 2006, el Sr. Santos Ayala Nieves "querellante" presentó una queja ante este Tribunal en la que alegó que el licenciado Cuevas Borrero había incurrido en conducta antiética mientras lo representaba legalmente en un recurso apelativo. Luego de examinar la queja presentada, decidimos referirla a la Oficina del Procurador General y eventualmente le ordenamos que presentara una querella. Como consecuencia, el Procurador General presentó la correspondiente querella contra el letrado. En esta se le imputó violación a los Cánones 9, 12, 18, 19 y 35 del Código de Ética Profesional. 4 L.P.R.A. Ap. IX, C. 9, 12, 18, 19 y 35.

Las bases de esta querella surgen cuando el licenciado Cuevas Borrero fue contratado por el querellante para que lo defendiera de una acusación en su contra por los delitos de Asesinato en Primer Grado y violación a la Ley de Armas. En atención a esos hechos, el 15 de agosto de 2001 se le encontró culpable por el delito de Asesinato en Segundo Grado y fue condenado a 30 años de reclusión. Como resultado del fallo condenatorio, el 14 de septiembre 2001 el licenciado Cuevas Borrero presentó un recurso de apelación ante el Tribunal de Apelaciones. Entre los errores allí planteados se impugnó la apreciación de la prueba hecha por el foro primario. Sin embargo, el recurso no fue perfeccionado toda vez que el querellado no presentó

la exposición narrativa de la prueba según lo ordenan las reglas del Tribunal de Apelaciones.

Subsiguientemente, el foro apelativo intermedio le concedió un término al querellado para que presentara la exposición narrativa de la prueba, pero éste incumplió con ese término, al igual que con las múltiples prórrogas que se le concedieron a tales efectos. Ante la reiterada inacción del letrado en el trámite del recurso apelativo, el Tribunal de Apelaciones procedió a desestimar la petición.

A la luz de los hechos enunciados, se le imputó al querellado la violación a varios preceptos del Código de Ética Profesional. Referente al Canon 9, *supra*, se indicó que éste desatendió e incumplió las órdenes que emitiera el Tribunal Supremo durante el proceso de la queja incoada en su contra, al igual que aquellas emitidas por el Tribunal de Apelaciones en relación al recurso de apelación presentado ante ese foro.

En lo concerniente a la infracción al Canon 12, *supra*, se alegó que la conducta del querellado causó una indebida dilación en la tramitación y solución del caso.

Por otro lado, en cuanto a la violación al Canon 18, *supra*, en la querella se señaló que no defendió adecuadamente los intereses de su cliente y que su reiterado incumplimiento con las órdenes emitidas por el Tribunal de Apelaciones ocasionaron la desestimación del recurso de apelación. Además, se adujo que el querellado

quebrantó el Canon 19, *supra*, al no informarle a su cliente que el recurso de apelación había sido desestimado.

Asimismo, la querella imputó que el licenciado Cuevas Borrero violó el deber de sinceridad y honestidad impuesto por el Canon 35, *supra*, cuando en su contestación a la queja ofreció versiones encontradas sobre su relación con el querellante Ayala Nieves. Específicamente, se aseveró que el querellado expresó que se le contrató para que llevara la apelación del caso y luego se contradijo al afirmar que no existía un contrato para la representación legal en la etapa apelativa.

Posteriormente, el querellado presentó ante nos su contestación a la querella. En su comparecencia admitió su inacción ante el Tribunal de Apelaciones durante el trámite del recurso apelativo. No obstante, este justificó su proceder aduciendo que no tenía autorización de su cliente para instar el recurso de apelación. Añadió que su gestión a esos efectos sólo tenía el propósito de preservar el derecho de apelación del señor Ayala Nieves. Así también, manifestó su arrepentimiento y admitió que erró al no renunciar al caso ni informar de esa situación al Tribunal de Apelaciones. Expresó además, que su tardanza en contestar la queja se debió a "razones familiares".

Así las cosas, el 3 de noviembre de 2010 emitimos una resolución en la que nombramos a la Lcda. Eliadís Orsini Zayas, Comisionada Especial para que recibiera y evaluara la prueba relacionada a la querella ética y nos sometiera

un informe con sus determinaciones y recomendaciones. En aras de cumplir con esa encomienda, la Comisionada celebró varias vistas. Entre la prueba presentada figuró el testimonio del querellante Ayala Nieves quién manifestó no tener interés en proseguir con la querella contra el licenciado Cuevas Borrero.

El 4 de mayo de 2011 la Comisionada rindió su informe ante este Tribunal. En este concluyó que el querellado violó el Canon 9, *supra*, al desatender las órdenes que dictó el Tribunal de Apelaciones. Así también, intimó que a base de las admisiones hechas por el propio querellado aceptando sus repetidos incumplimientos con el foro judicial, este infringió el Canon 12, *supra*.

Por otro lado, determinó que el licenciado Cuevas Borrero no desobedeció los deberes impuestos por los Cánones 18 y 19, *supra*. Referente al Canon 18, *supra*, concluyó que no se estableció si el querellado fue o no contratado para instar el recurso de apelación. En lo atinente al Canon 19, *supra*, señaló que el querellado le hizo saber al querellante el resultado de la apelación a través de su madre. Además, determinó que éste no entró en contradicciones en sus contestaciones a la queja por lo que no violó en ese contexto el Canon 35, *supra*.

Considerando estos antecedentes fácticos, procedemos a esbozar los fundamentos que disponen de la querella disciplinaria.

II

**A.    Deberes de los abogados para con los Tribunales**

En lo pertinente, el Canon 9, *supra*, puntualiza que todo abogado "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Según hemos reiterado, "[l]a naturaleza de la abogacía requiere escrupulosa atención y obediencia a las órdenes del Tribunal Supremo, particularmente en la esfera ética." Íd. In re Marrero Luna, 166 D.P.R. 578, 583-584 (2005). La desatención a dichas órdenes constituye un grave insulto a la autoridad de los tribunales, en clara violación al mandato expreso de este Canon. In re González Carrasquillo, 164 D.P.R. 813 (2005); In re Grau Díaz, 154 D.P.R. 70 (2001); In re Maldonado Rivera, 147 D.P.R. 380 (1999); In re Otero Fernández, 145 D.P.R. 582 (1998).

Debe tenerse presente que la abogacía cumple una función social de notable importancia por su aportación imprescindible a la realización de la justicia. En ese sentido el abogado, además de ser un defensor de su cliente, es un colaborador de la justicia. In re Hoffman Mouriño, 170 D.P.R. 968, 979-980 (2007). Por lo tanto, la buena marcha del proceso judicial del país es responsabilidad ineludible de todo miembro de la profesión legal. Íd. Véase además, In re Marini Román, 165 D.P.R. 801 (2005).

Igualmente, en relación a nuestras órdenes emitidas durante los procedimientos disciplinarios hemos expresado

que todo abogado tiene la obligación de responder prontamente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. In re Colón Rivera, 170 D.P.R. 440 (2007); In re Negrón Negrón, 163 D.P.R. 586 (2005). La naturaleza pública de la profesión de la abogacía impone al abogado el deber de responder oportunamente a todo requerimiento relacionado con investigaciones disciplinarias. Íd. In re Prieto Rivera, 180 D.P.R. 692 (2011); In re García Incera, 177 D.P.R. 329 (2009). Por consiguiente, se configura una falta independiente a los méritos de la queja presentada cuando un abogado incumple con esta disposición ética. In re Prieto Rivera, supra; In re Otero Encarnación, 179 D.P.R. 827 (2010); In re Rosado Ramos, 172 D.P.R. 400 (2007).

### B. Puntualidad y tramitación de las causas

Por su parte, el Canon 12 del Código de Ética Profesional, le impone a los abogados la obligación de ser puntuales en su asistencia, así como ser concisos y exactos en la tramitación de las causas. Específicamente, el referido Canon dispone:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución.

Obsérvese, que el deber antes aludido se extiende a la relación de los abogados hacia los tribunales. Por ende,

la función de un abogado dentro del sistema de justicia le obliga a desempeñarse con la mayor diligencia, responsabilidad e integridad. In re Rosado Nieves, 159 D.P.R. 746 (2003).

En relación con la violación de esta norma hemos dispuesto que "las incomparecencias injustificadas del abogado a las vistas señaladas por el tribunal y las actuaciones que pongan en riesgo la acción de su cliente, son violaciones patentes a dicho postulado ético". In re Cuevas Velázquez, 174 D.P.R. 433 (2008).

El abogado debe cumplir con la obligación que se establece en el Canon 12, *supra*, en todas las etapas de un litigio. In re Collazo I, 159 D.P.R. 141 (2003); In re Pagán Hernández, 141 D.P.R. 113 (1996). Conforme a lo anterior, se ha enfatizado que los abogados deben la más estricta observancia a las órdenes judiciales. De otro modo, pueden quedar sujetos al rigor disciplinario. In re Collazo I, supra, pág. 148.

La continua desobediencia de las órdenes del tribunal demuestra una grave infracción a los principios básicos de ética profesional que exigen el mayor respeto hacia los tribunales. In re Collazo I, supra, pág. 149. El comportamiento de todo abogado "no debe ser otro que el fiel cumplimiento de la ley y el respeto al poder judicial". In re Díaz Alonso Jr., 115 D.P.R. 755, 762 (1984). La incomparecencia injustificada a las vistas señaladas por el tribunal que ocasionen la suspensión y

peor aun, la desestimación de la acción judicial, son violaciones patentes del Canon 12, *supra*,. In re López Montalvo, 173 D.P.R. 193 (2008); In re Rosado Nieves, 159 D.P.R. 746 (2003).

**C.    Competencia del abogado y consejo al cliente**

Por su parte, el Canon 18, *supra*, establece en lo pertinente, que:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.[…]

A tenor con esta norma ética, hemos sido enfáticos en señalar que el ejercicio de la práctica de la abogacía requiere en todo momento celo, cuidado y prudencia. In re Ríos Pérez, 179 D.P.R. 630 (2010); In re Aponte Berdecía, 162 D.P.R. 743 (2004); In re Rodríguez Torres, 104 D.P.R. 758, 765 (1976); Véanse además, In re Martínez Ramírez, 142 D.P.R. 329 (1997); In re Siverio Orta, 117 D.P.R. 14, 18 (1986). Una vez es asumida la representación legal de un cliente, es un deber ético llevar a cabo aquellas gestiones profesionales pertinentes a favor de los intereses de este. En ese sentido se exige que el abogado emplee toda su capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. In re Meléndez La Fontaine, 167 D.P.R.

111 (2006); In re Meléndez Figueroa, 166 D.P.R. 199, 207 (2005). Es necesario tener presente que "[e]l cliente confía que en la tarea de guiar sus causas, el abogado habrá de desplegar sensibilidad, eficiencia y pericia". In re Mulero Fernández, 174 D.P.R. 18, 29 (2008), In re León Malavé, 172 D.P.R. 1036, (2008). En la profesión de la abogacía no existe espacio para que los abogados actúen con indiferencia, desidia, despreocupación, inacción y displicencia en la tramitación del caso que le ha sido encomendado. In re Mulero Fernández, supra; In re Padilla Pérez, 135 D.P.R. 770, 776 (1994). In re Flores Ayffán, 150 D.P.R. 907 (2000).

Conforme a lo anterior, "hemos sostenido sin ambages, que aquella actuación negligente que pueda conllevar o en efecto conlleve la desestimación o archivo de un caso o la pérdida del derecho a reclamar judicialmente, se configura violatoria del Canon 18." Íd. Véanse además, In re Mulero Fernández, supra; In re Hoffman Mouriño, supra; In re Guadalupe Colón, 155 D.P.R. 135, 154-155 (2001). Una vez el abogado acepta representar a un cliente, tiene la responsabilidad de descargar su labor con rapidez y eficiencia. In re Ríos Pérez, supra; In re Acosta Grubb, 119 D.P.R. 595 (1987).

### D. Información al Cliente

Por otro lado, el Canon 19 del Código de Ética Profesional exige que el abogado mantenga una comunicación efectiva con su cliente. In re Ríos Pérez, supra. Además,

establece que una representación legal responsable conlleva de parte del abogado el mantener informado a su cliente de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. Esa obligación constituye un elemento imprescindible en la relación fiduciaria que caracteriza el vínculo abogado-cliente. In re García Muñoz, 170 D.P.R. 780 (2007); In re Criado Vázquez, 155 D.P.R. 436, 456 (2001), In re Flores Ayffán, supra. En otras palabras, el abogado debe mantener informado a su cliente de las gestiones realizadas y del desarrollo de los asuntos a su cargo, consultándole cualquier duda sobre asuntos que no caigan en el ámbito discrecional, y dentro de los medios permisibles, cumplir con sus instrucciones. Canon 19, *supra*; In re Pagán Ayala, 109 D.P.R. 712 (1980); In re Díaz Alonso Jr., supra; In re Ríos Pérez, supra.

El deber impuesto por este Canon es uno al margen del deber de diligencia, por lo que se configura como una obligación ética independiente. In re Mulero Fernández, supra. Véanse, In re Hernández Pérez I, 169 D.P.R. 91; In re Cuevas Velázquez, supra. Anteriormente, hemos pronunciado que la infracción de este Canon ocurre cuando se deja de atender los reclamos de información del cliente, no se le informa del resultado adverso de la gestión encargada, la acción se desestima o se archiva, no se mantiene al cliente al tanto del estado o la situación procesal del caso, o simplemente se niega al cliente información del caso. In re Vélez Valentín, 124 D.P.R. 403

(1989); <u>In re Acevedo Álvarez</u>, 143 D.P.R. 293 (1995). <u>In re Mulero Fernández</u>, supra.

### E. Sinceridad y honradez

En relación al deber de sinceridad y honradez, el Canon 35 del Código de Ética Profesional, dispone que "[l]a conducta de cualquier miembro de la profesión legal ante los tribunales para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada." <u>In re López de Victoria I</u>, 163 D.P.R. 1, 9 (2004).

La falta de veracidad en los hechos es una de las faltas más graves que puede cometerse en el ejercicio de la profesión. <u>In re Vera Vélez</u>, 148 D.P.R 1 (1999); <u>In re Landing; y Aulet</u>, 107 D.P.R. 103 (1978); <u>In re Cruz Tollinche</u>, 105 D.P.R. 500 (1976). <u>In re Aponte Berdecía</u>, supra. La verdad es un atributo inseparable del ser abogado y, sin la misma, no podría la profesión jurídica justificar su existencia. Por ello, el abogado que promueve una prueba falsa ante un tribunal, falta gravemente al deber y obligación del citado Canon 35 de actuar con integridad ante los foros judiciales. Esta normativa le impone a los abogados el deber de observar una conducta apropiada, no sólo en la tramitación de los pleitos, sino también en toda faceta en que se desempeñen. <u>In re Meléndez Figueroa</u>, supra, pág. 207.

III

**La Apreciación de la Prueba por el Comisionado Especial**

Por último, la Regla 14 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, R.14, dispone que le corresponde al Comisionado Especial designado celebrar una vista para recibir la prueba. In re Bonilla Berlingeri, 175 D.P.R. 897 (2009); In re Irizarry Vega, 176 D.P.R. 241, 246-247 (2009). Al desempeñar tal función, el Comisionado Especial esta en una posición similar al juzgador de instancia en la que puede aquilatar mejor la prueba testifical. Por ello, sus determinaciones fácticas merecen nuestra mayor deferencia. Íd. Véanse además, In re Ortiz Brunet, 152 D.P.R. 542, 548 (2000); In re Morales Soto, 134 D.P.R. 1012, 1016 (1994).

Ahora bien, este foro no está obligado a aceptar el informe de un Comisionado Especial nombrado para atender una querella contra un abogado, pudiendo este Tribunal adoptar, modificar o rechazar tal informe. In re Torres Viñals, 180 D.P.R. 236, 248 (2010); In re Ríos Rivera, 147 D.P.R. 140, 142-143 (1998). Sin embargo, de ordinario sostendremos las determinaciones de hecho de un Comisionado Especial salvo que se demuestre prejuicio, parcialidad o error manifiesto. In re Torres Viñals, supra; In re Morell, Alcover, 158 D.P.R. 791 (2003); In re Soto López, 135 D.P.R. 642, 646 (1994); In re Arroyo Fernández, 133 D.P.R. 364 (1993); In re Rivera Arvelo y Ortíz Velázquez, 132 D.P.R. 840 (1993).

En cuanto a la prueba documental, este Tribunal esta en igual posición que el Comisionado Especial. Por lo tanto, la doctrina sobre la deferencia a las determinaciones del Comisionado Especial no aplica cuando la prueba consiste de deposiciones, estipulaciones, o por hechos incontrovertidos por las alegaciones o la prueba. In re Ortíz Brunet, supra.

IV

Debemos ahora determinar si el querellado faltó a sus deberes de diligencia hacia su cliente y hacia los tribunales. El querellante Ayala Nieves alegó mediante su queja que el licenciado Cuevas Borrero no perfeccionó su apelación por lo cual fue desestimada en el foro apelativo intermedio. Esta imputación ética fue aceptada por el querellado. Igualmente el letrado admitió que incumplió las órdenes emitidas por este Tribunal durante el proceso disciplinario en su contra.

Luego de examinar con rigor el expediente de autos, aceptamos el informe de la Comisionada Especial y colegimos que las actuaciones del querellado infringieron los citados Cánones 9 y 12, supra. Además, somos del criterio que el letrado también se apartó de la normativa contenida en los Cánones 18 y 19, supra. El historial procesal ante el Tribunal de Apelaciones, así como las propias admisiones del querellado demuestran que este fue negligente en atender las órdenes y requerimientos solicitados por ese

foro.[1]   Esta negligencia en la tramitación del caso y el

incumplimiento con las órdenes del Tribunal constituyen un

---

[1]   El tracto procesal ante el Tribunal de Apelaciones según se desprende del Informe de la Comisionada demuestran la negligencia del licenciado Cuevas Borrero en la tramitación del recurso de apelación. Específicamente, el informe determinó los siguientes hechos:

- El 14 de noviembre de 2001, notificada el 26 de noviembre de ese mismo año, el Tribunal Apelativo le ordenó al TPI que permitiera la regrabación de los procedimientos habidos ante sí.

- Surge de la sentencia emitida por el foro apelativo, que debido a que no se había cumplido con la presentación de la exposición narrativa de la prueba ordenada desde el 17 de octubre de 2001; el 12 de marzo de 2002, el Tribunal Apelativo emitió una resolución para que en el término de cinco días se informara en qué etapa se encontraba su preparación.

- El apelante Santos Ayala Nieves, a través de su representación legal- el Lic Ismael Cuevas Borrero- no cumplió con dicha orden; por lo que el 22 de mayo de 2002, el tribunal le concedió cinco días más al apelante para que presentara la exposición narrativa de la prueba, conforme le fuera ordenado desde el 17 de octubre de 2001.

- El 3 de julio de 2002, compareció el apelante a través de su representación el licenciado Cuevas Borrero-; en escrito denominado Moción Informativa Urgente y Solicitud de Remedios para informar al Tribunal que había acudido en varias ocasiones al TPI y que, luego de que inicialmente le indicaran que había recibido la orden de regrabación, ahora le indicaban que solamente tenían copia del escrito de apelación.  Solicitó que se emitiera otra orden a los mismos efectos.  Dicha Moción fue presentada treinta y cinco (35) días después de vencido el término de cinco días concedido.

- El 5 de septiembre de 2002, dos meses más tarde, el apelante, a través de su representación legal, el licenciado Cuevas Borrero, presentó ante el TPI la Moción solicitando la regrabación de los procedimientos.

- Mediante Resolución de 17 de septiembre de 2002, el tribunal apelativo concedió 10 días para que presentara el proyecto de exposición narrativa de la prueba.  En dicha Resolución se advirtió que un nuevo incumplimiento con las órdenes resultaría en la desestimación del recurso.

- El 2 de octubre de 2002, el Tribunal de Apelaciones ordenó al apelante que en el término de 20 días acreditara los trámites que había realizado para obtener la regrabación de los procedimientos.

- El 6 de noviembre de 2002, mediante resolución, el foro apelativo le notificó al apelante que al haber incumplido nuevamente con una orden se le imponía como sanción, al apelante, el pago de cien dólares ($100.00) en sellos de rentas internas a ser pagados en la secretaría

patrón de conducta sumamente irresponsable del querellado hacia sus deberes éticos con los tribunales. Véanse, In re Rosado Nieves, supra; In re Grau Díaz, supra.

Por otro lado, el querellado adujo, a modo de defensa, que no perfeccionó el recurso de apelación porque el querellante Ayala Nieves no lo contrató para ello y que incluso este no deseaba apelar su caso. Es sabido, que ningún abogado está obligado a representar a determinado cliente y es su derecho el aceptar o rechazar ofrecer sus servicios de representación profesional. Empero, durante la aceptación de un caso el abogado debe ser claro y preciso en cuanto a si acepta o no representarlo, y así hacérselo saber al cliente sin lugar a equívocos. Asimismo, el abogado no puede ampararse en la ausencia de un contrato escrito para excusar su responsabilidad, si por sus actos induce al cliente a creer que ha aceptado su representación. In re Agostini de Torres, 103 D.P.R. 910 (1975). Así pues, colegimos que el letrado con sus actuaciones indujo a su cliente a pensar que era procedente la presentación del recurso de apelación. En atención a ello, una vez el licenciado Cuevas Borrero decidió voluntariamente presentar ese recurso debió hacerlo con

---

de ese Tribunal Apelativo. Además, se apercibió de mayores sanciones de continuar los incumplimientos. No sabemos que las sanciones hubiesen sido satisfechas o que el foro apelativo hubiese tomado medidas para cobrarlas; recuérdese que el apelante estaba confinado.

•    El foro apelativo establece en su sentencia de 10 de junio de 2003. Que transcurridos más de seis meses desde la última resolución, el apelante no ha cumplido con las órdenes emitidas por lo que se procedió a desestimar el recurso de apelación.

corrección y eficacia. Por ende, la defensa presentada por el querellado para liberarse de la responsabilidad impuesta por el Canon 18, *supra*, es improcedente ante las circunstancias de este caso.

Además, le correspondía al querellado notificarle adecuadamente a su cliente el resultado de su apelación. Como es sabido, las obligaciones éticas del abogado son indelegables. Este no puede asumir que un tercero en la relación abogado-cliente será el responsable de notificarle a su cliente los asuntos importantes que surjan en el desarrollo del caso. Por ello, es impropio que el querellado no le haya notificado directamente al querellante los sucesos importantes en relación a su caso en la etapa apelativa. La mera notificación a la madre de su cliente resulta insuficiente para cumplir los deberes impuestos por el Canon 19, *supra*.

De otra parte, estamos contestes con el informe de la Comisionada Especial a los efectos de que no se demostró que el letrado faltara a sus deberes de honradez y sinceridad establecidos por el Canon 35, *supra*. No surgen de sus contestaciones a la queja que este haya entrado en contradicciones sustanciales que demuestren algún grado de mendacidad o deshonestidad en sus declaraciones.

Finalmente, de forma reiterada hemos afirmado que al determinar la sanción disciplinaria aplicable a un abogado, es necesario considerar la reputación en su comunidad, el historial previo, si es su primera falta, la aceptación de

la falta y su sincero arrepentimiento, si se trata de una conducta aislada, el ánimo de lucro que medió en su actuación, resarcimiento al cliente y cualesquiera otras circunstancias que sean atenuantes o agravantes que medien de acuerdo a los hechos. In re Guadalupe Colón, supra; In re Vélez Barlucea, 152 D.P.R. 298 (2000); In re Díaz Ortíz, 150 D.P.R. 418, 427 (2000).

En el caso de autos, tomamos como atenuantes a favor del licenciado Cuevas Borrero lo siguiente: 1) que sus actuaciones constituyen su primera falta en el ejercicio de la profesión; 2) el querellado aceptó su falta de diligencia hacia los tribunales en la tramitación del recurso apelativo y en los procedimientos disciplinarios instados en su contra; y 3) expresó sentirse arrepentido por sus actuaciones.

V

Por las razones que anteceden, ordenamos la suspensión inmediata del Lcdo. Ismael Cuevas Borrero del ejercicio de la abogacía y la notaría por el término de dos meses. Su admisión de los hechos y de las consecuencias lesivas de sus actuaciones a la ordenada e imparcial administración de la justicia, así como su previo historial en la práctica de la profesión, han pesado en nuestro ánimo para limitarnos a una suspensión por el término de dos meses. El querellado tiene el deber de notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a éstos los expedientes de los casos pendientes,

así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Cuevas Borrero y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Ismael Cuevas Borrero

CP-2010-2

SENTENCIA

En San Juan, Puerto Rico, a 28 de marzo de 2012.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata del ejercicio de la abogacía y de la notaría al Lcdo. Ismael Cuevas Borrero por un término de dos (2) meses, contados a partir de la notificación de esta Sentencia.

El abogado tiene el deber de notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a estos los expedientes de los casos pendientes, así como los honorarios recibidos por trabajo no rendido.

Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro de un término de treinta (30) días. Asimismo, tiene el deber de informar de inmediato su suspensión a los foros judiciales y administrativos.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del

señor Cuevas Borrero y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo