EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>Adán A. Rodríguez Lugo | 2019 TSPR 14<br><br>201 DPR ____ |

Número del Caso:  TS-13,630

Fecha: 24 de enero de 2019

Oficina del Procuradora General:

     Lcda. Minnie H. Rodríguez López
     Procuradora General Auxiliar

Abogado del Promovido:

     Por derecho propio

Materia:  Conducta Profesional – La suspensión será efectiva el 5 de febrero de 2019.  Fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Adán A. Rodríguez Lugo        Núm. TS-13,630

*PER CURIAM*

En San Juan, Puerto Rico a 24 de enero de 2019.

Una vez más nos vemos obligados a suspender del ejercicio de la abogacía a un miembro de la profesión legal, en esta ocasión, por la infracción de varios Cánones de Ética Profesional, *infra*, a saber: Canon 9 (conducta del abogado ante los tribunales), Canon 12 (puntualidad y tramitación de las causas), Canon 18 (competencia del abogado y consejo del cliente) y Canon 38 (preservación del honor y dignidad de la profesión). Veamos.

I.

El licenciado Adán A. Rodríguez Lugo fue admitido al ejercicio de la abogacía el 30 de enero de 2001.

El 23 de julio de 2015, el licenciado Rodríguez Lugo fue asignado como abogado de oficio en el caso *El Pueblo de Puerto Rico v. Francisco Miranda Bermúdez*, JVI2015G0028. En dicho caso, luego de desfilar la prueba de rigor, el Tribunal de Primera Instancia sentenció al acusado a cumplir ciento treinta y cuatro (134) años de cárcel por violación al Art. 93(a) del Código Penal y al Art. 5.05 de la Ley de Armas.

Inconforme con dicho proceder, el 30 de junio de 2016 el referido letrado, como representante legal del señor Miranda Bermúdez, presentó ante el Tribunal de Apelaciones un recurso de apelación, impugnando la mencionada *Sentencia*. Simultáneamente, éste presentó una *Moción solicitando relevo de representación legal y asignación de abogado de oficio*.

El 7 de julio de 2016 el foro apelativo intermedio declaró no ha lugar la solicitud de renuncia a la representación legal presentada por el licenciado Rodríguez Lugo y le concedió a éste un término de diez (10) días para que informara al tribunal el método de reproducción de la prueba oral que habría de presentar, ello en aras de poner a dicho foro en posición de atender su caso. Cumpliendo con lo ordenado, el referido letrado solicitó la regrabación y transcripción de la prueba oral presentada en las vistas celebradas ante el Tribunal de Primera Instancia, informando así el método de reproducción a utilizar.

Días más tarde, el 11 de agosto de 2016 para ser específicos, el Tribunal de Apelaciones emitió una *Resolución* en la cual le ordenó al licenciado Rodríguez Lugo que, en un término de diez (10) días, informara en qué etapa se encontraba la transcripción de la prueba oral antes solicitada. Dicha *Resolución* fue oportunamente notificada a todas las partes en el pleito. Sin embargo, el referido letrado no cumplió con lo ordenado por el foro apelativo intermedio.

Debido al incumplimiento con la orden anterior, el 31 de agosto de 2016 el Tribunal de Apelaciones emitió una *Resolución* mediante la cual le impuso a la parte representada por el licenciado Rodríguez Lugo una sanción de cien dólares ($100.00) y le concedió a ésta un término de diez (10) días para satisfacer la misma e informar en qué etapa se encontraba la reproducción de la prueba oral. No obstante, el referido letrado incumplió nuevamente con lo ordenado por el foro apelativo intermedio.

Así las cosas, el 7 de octubre de 2016 el Tribunal de Apelaciones emitió una nueva *Resolución* en la cual impuso una sanción adicional de cien dólares ($100.00), esta vez en contra del licenciado Rodríguez Lugo, por incumplir con lo dispuesto en la *Resolución* emitida por dicho foro el 31 de agosto de 2016. Además, le concedió a la parte representada por el referido letrado un término final de treinta (30) días para someter su alegato y le apercibió al licenciado Rodríguez Lugo que, de incumplir

nuevamente con las órdenes emitidas por el tribunal, el recurso de apelación sería desestimado. Una vez más, y haciendo caso omiso al apercibimiento del Tribunal de Apelaciones, el licenciado Rodríguez Lugo incumplió.

Ante el reiterado incumplimiento con sus órdenes, el 21 de noviembre de 2016 el foro apelativo intermedio dictó una *Sentencia* mediante la cual desestimó el recurso presentado por el licenciado Rodríguez Lugo y le concedió a éste un término de veinte (20) días para consignar el pago de doscientos dólares ($200.00) por las sanciones impuestas. El licenciado Rodríguez Lugo no cumplió.

Transcurrido el término de veinte (20) días sin la comparecencia del licenciado Rodríguez Lugo, el 19 de diciembre de 2016 el Tribunal de Apelaciones emitió una *Resolución* en la cual le concedió a éste un término perentorio de diez (10) días para que mostrara causa por la cual no se debía ordenar su comparecencia ante dicho foro o tomar las medidas correspondientes dirigidas a la imposición de sanciones severas por incumplir con las órdenes emitidas. Dicha *Resolución* también fue notificada oportunamente al referido letrado, pero éste, una vez más, hizo caso omiso a lo ordenado por el foro apelativo intermedio.

Pasado un (1) mes de haber emitido la mencionada orden, el 20 de enero de 2017 el Tribunal de Apelaciones emitió una nueva *Resolución* en la cual citó al licenciado Rodríguez Lugo a una *Vista Oral* para que éste mostrara

causa por la cual no se debían tomar medidas apropiadas ulteriores por su continuo incumplimiento. A esta *Vista Oral*, el referido letrado compareció.

Escuchados los planteamientos del licenciado Rodríguez Lugo en la *Vista Oral* celebrada el 10 de febrero de 2017, el foro apelativo intermedio le concedió a éste un término de cuarenta y cinco (45) días para el pago de las sanciones impuestas en su contra. No obstante, el 31 de marzo de 2017 el referido letrado presentó una *Moción mostrando causa y solicitando prórroga* en la cual indicó que su incumplimiento con el pago de las sanciones impuestas se debía a la disminución de los ingresos que recibía en su oficina.

Ante ese escenario, el 4 de abril de 2017 el Tribunal de Apelaciones dictó una *Resolución* en la cual le concedió al licenciado Rodríguez Lugo un término adicional de treinta (30) días para cumplir con lo ordenado. Sin embargo, el referido letrado no pagó las sanciones impuestas en su contra dentro de dicho término.

Así pues, el 15 de junio de 2017 el foro apelativo intermedio emitió una *Resolución* mediante la cual refirió el asunto a este Tribunal para la acción disciplinaria correspondiente en contra del licenciado Rodríguez Lugo. Esta *Resolución* fue oportunamente notificada al referido letrado.

El 3 de julio de 2017, la Subsecretaria de este Tribunal, licenciada Sonnya Ramos Zeno, notificó al

licenciado Rodríguez Lugo del referido hecho por el Tribunal de Apelaciones y le concedió a éste un término de diez (10) días para presentar su contestación al mismo. Además, se le informó que, una vez recibida su contestación, la queja sería referida a la Oficina del Procurador General para la investigación y el informe correspondiente. El licenciado Rodríguez Lugo no cumplió con lo ordenado.

Debido al incumplimiento con la orden anterior, el 1 de agosto de 2017 la licenciada Ramos Zeno le envió al licenciado Rodríguez Lugo una segunda notificación concediéndole a éste un término final de diez (10) días para presentar la contestación a la queja presentada en su contra y apercibiéndole que, de no comparecer en el término provisto, la queja sería referida a la Oficina del Procurador General o al Pleno del Tribunal Supremo para la acción correspondiente, incluyendo la imposición de sanciones disciplinarias severas, como lo es la suspensión del ejercicio de la profesión.

Vencido el término de diez (10) días sin la comparecencia del letrado en cuestión, el 19 de septiembre de 2017 la licenciada Ramos Zeno refirió la queja a la Oficina del Procurador General para el *Informe* de rigor. Copia de este referido fue enviado al letrado en cuestión.

Cumpliendo con lo ordenado, el 13 de junio de 2018 el Procurador General presentó ante esta Curia el correspondiente *Informe*. En el mismo, el referido

funcionario concluyó que, con su conducta, el licenciado Rodríguez Lugo infringió los Cánones 9, 12 y 18 del Código de Ética Profesional, *infra.* Ello, pues la misma atentaba contra la autoridad del Tribunal y mostraba una falta de competencia y diligencia crasa en la protección de los intereses de su cliente, lo que a su vez era contrario al Canon 38 que rige la profesión legal por no exaltar el honor y dignidad de la profesión. Por tal razón, la Oficina del Procurador General recomendó suspender al referido letrado del ejercicio de la abogacía de manera inmediata e indefinida.

Evaluado el *Informe* del Procurador General, mediante *Resolución* del 22 de junio de 2018, le concedimos al licenciado Rodríguez Lugo un término de veinte (20) días para expresarse sobre el *Informe del Procurador General*. La referida *Resolución* le fue notificada al mencionado letrado el 25 de junio de 2018.

Así las cosas, el 12 de julio de 2018 el licenciado Rodríguez Lugo presentó ante nos una *Moción informativa solicitando breve prórroga* en la cual, en esencia, alegó que había tenido problemas con un cambio en su dirección postal, y que no había recibido comunicación alguna por parte de esta Curia ni de la Oficina del Procurador General referente al presente proceso disciplinario. Así pues, solicitó a este tribunal una prórroga de tres (3) días.

Posteriormente, 16 de julio de 2018 el licenciado Rodríguez Lugo presentó ante este Tribunal una *Oposición a Informe del Procurador General*. En la misma, alegó que sus ingresos mermaron grandemente mientras estuvo a cargo de la defensa de su cliente como abogado de oficio y por ello no había pagado las sanciones impuestas por el Tribunal de Apelaciones. Además, sostuvo que la razón por la cual el recurso de apelación fue desestimado no se debió a su negligencia sino a que el foro apelativo intermedio no accedió a su solicitud de relevo de representación legal. **Aunque éste aceptó la medida disciplinaria recomendada por la Oficina del Procurador General**, solicitó a esta Curia que desestime la querella en su contra.

Es, pues, a la luz de los hechos antes expuestos, que procedemos a disponer del proceso disciplinario que nos ocupa.[1]

## II.

Como es sabido, el Código de Ética Profesional, 4 LPRA Ap. IX, recoge las normas de conducta que rigen a los miembros de la profesión legal. Este ordenamiento deontológico tiene como propósito el promover el desempeño personal y profesional de los abogados y las

---

[1] Cabe destacar que anteriormente, el 15 de diciembre de 2017 esta Curia dictó una *Resolución* respecto a una queja disciplinaria previa presentada en contra del licenciado Rodríguez Lugo en la cual se censuró enérgicamente al referido letrado por la falta de diligencia y el incumplimiento con las órdenes emitidas por el Tribunal de Apelaciones. En la misma, se le apercibió que en el futuro debería cumplir cabalmente con los Cánones 9, 12 y 18 del Código de Ética Profesional, *infra.*

abogadas de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, redunda en beneficio de la profesión, la ciudadanía y las instituciones de justicia. *In re Cruz Liciaga*, 198 DPR 828 (2017); *In re Franco Rivera*, 197 DPR 628 (2017); *In re Suárez Jiménez*, 192 DPR 152 (2014).

Cónsono con ello, en numerosas ocasiones, este Tribunal ha señalado que el incumplimiento con estas normas éticas puede acarrear la imposición de severas sanciones disciplinarias. *In re Cruz Liciaga*, *supra*; *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014); *In re Asencio Márquez*, 183 DPR 659 (2011). Entre ellas se encuentra, claro está, la suspensión del ejercicio de la abogacía y la notaría.

A tenor con lo anterior, y en lo pertinente al asunto que nos ocupa, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece que todo abogado o abogada "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". *In re López Méndez*, 196 DPR 956, 960-61 (2016); *In re Montalvo Delgado,*196 DPR 542, 549 (2016); *In re Torres Rodríguez*, 188 DPR 304 (2013). Como corolario del respeto profundo que deben tener los abogados y las abogadas hacia el foro judicial, el mencionado Canon les ordena a éstos y éstas comparecer en tiempo a los señalamientos notificados por el tribunal, así como a cualquier requerimiento u orden emitida por el foro judicial. *In re Rivera Navarro,* 193 DPR 303

(2015); *In re Irizarry Irizarry,* supra; *In re Nieves Nieves,* 181 DPR 25 (2011). *Véase,* además, *In re Otero Fernández,* 145 DPR 582 (1998).

La desatención y el incumplimiento con las antedichas órdenes judiciales constituyen un serio agravio a la autoridad de los tribunales. *In re Pratts Barbosa*, 2018 TSPR 5, 199 DPR 594 (2018); *In re López Méndez, supra; In re García Incera*, 177 DPR 329 (2010); *In re Maldonado Rivera*, 147 DPR 380 (1999). Cuando ello ocurre, procede la suspensión del abogado o abogada del ejercicio de la profesión. *In re Lee Navas,* 2017 TSPR 208, 198 DPR ____ (2017); *In re Grau Collazo*, 185 DPR 938,944 (2012); *In re Rosario Martínez*, 184 DPR 494 (2012); *Ex parte Galarza Rodríguez*, 183 DPR 228 (2011).

Por otra parte, es menester señalar que los abogados son una parte esencial del proceso de impartir justicia y, como tal, tienen la ineludible encomienda de desempeñar su labor con la mayor diligencia, responsabilidad e integridad. *In re López Montalvo*, 173 DPR 193, 200 (2008); *In re Rosado Nieves,* 159 DPR 746 (2003); *In re Ortiz Velázquez*, 145 DPR 308, 313 (1998). En esa dirección, el Canon 12 del Código de Ética Profesional, 4 LPRA Ap. XI, C.12, requiere que los abogados sean puntuales y exactos en la tramitación y presentación de las causas, desplegando todas las diligencias necesarias para evitar la dilación indebida en la tramitación de éstas. Esta disposición requiere que los abogados sean responsables

en los casos que le son encomendados, evitando así entorpecer su resolución. *In re Díaz Nieves*, 189 DPR 1000, 1009 (2013); *In re Nieves Nieves, supra*; *In re López Montalvo, supra*.

Al respecto, hemos expresado que el deber de diligencia es una obligación básica y elemental del abogado o abogada hacia su cliente y que para cumplir con el mismo éste o ésta debe realizar las gestiones que le fueron encomendadas de forma oportuna y adecuada, y sin dilaciones que puedan afectar la pronta solución de la controversia. *In re Otero Calero*, 2018 TSPR 112, 200 DPR ___ (2018); *In re Morell Bergantiños*, 195 DPR 759, 763 (2016). *In re Pietri Torres*, 191 DPR 482, 488 (2014). Ese deber se extiende a todas las etapas de un pleito. *In re Otero Calero, supra*; *In re Nazario Díaz*, 195 DPR 623 (2016); *In re Muñoz, Morell*, 182 DPR 738 (2011).

A su vez, el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 18, establece que un abogado o abogada no debe "asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia". En cuanto a lo dispuesto en este Canon, el Tribunal ha sostenido que toda actuación negligente por parte del abogado, que pueda conllevar o, en efecto, conlleve el archivo o desestimación de una causa de

acción, constituirá una violación al mismo. *In re López Santiago*, 199 DPR 797 (2018); *In re Nieves Nieves*, 181 DPR 25 (2011); *In re Pujol Thompson*, 171 DPR 683 (2007). Ello es así, pues cuando el abogado o la abogada actúa de forma negligente, los intereses del cliente son los verdaderamente afectados. *In re López Santiago*, *supra*; *In re Nieves Nieves*, *supra*.

Por último, el Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 38, impone a todo abogado y abogada el deber de esforzarse al máximo en exaltar el honor y dignidad de la profesión legal. Como parte de este deber, todo miembro de la profesión legal "debe evitar hasta la apariencia de conducta profesional impropia". Respecto al referido Canon, este Tribunal ha expresado que "[l]a justicia debe ser inmaculada, tanto en su realidad interior como en la percepción externa... Cuando la conducta que se le imputa a un abogado demuestra que no se conduce de forma digna y honorable, viola el citado Canon 38". *In re Gordon Menéndez*, 183 DPR 628, 642 (2011) (citando *In re Pons Fontana*, 182 DPR 300, 310 (2011)). Véanse, además, *In re Pagán Pagán*, 171 DPR 975 (2007); *In re Roldán González*, 113 DPR 238 (1982). En esa dirección, los abogados y abogadas reflejan la imagen de la profesión, por lo que siempre deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen. *In re Gordon Menéndez*, *supra*;

*In re Nieves Nieves*, 181 DPR 25 (2011); *In re Pagán Pagán*, *supra*; *In re Cuyar Fernández*, 163 DPR 113 (2004).

Es, precisamente, a la luz de la normativa antes expuesta que procedemos a disponer del proceso disciplinario que nos ocupa.

III.

En el presente caso, como ya ha quedado claramente demostrado, el licenciado Rodríguez Lugo incumplió, en reiteradas ocasiones, con las órdenes del Tribunal de Apelaciones y de este Foro. Sin lugar a dudas, la conducta desplegada por el referido letrado es sinónimo de descuido e indiferencia y refleja una patente falta de interés en continuar ejerciendo la profesión. Ello, puesto que, a pesar de haber sido sancionado económicamente y apercibido de las consecuencias que conllevaría su reiterado incumplimiento, el licenciado Rodríguez Lugo insistió en no atender las órdenes del foro apelativo intermedio y de este Tribunal.

Asimismo, el abandono y desatención del letrado respecto al caso de su cliente y a las órdenes del Tribunal de Apelaciones no sólo causó dilaciones innecesarias en el recurso de apelación presentado por éste ante dicho foro, sino que provocó **la desestimación** del mismo; lo cual muestra una patente falta de diligencia y competencia en la tramitación de las causas que le

habían sido encomendadas. Esta conducta no exalta el honor y dignidad de la profesión jurídica.

Es pues, por todo lo anterior que concluimos que el licenciado Rodríguez Lugo violó los cánones 9, 12, 18 y 38 del Código de Ética Profesional, *supra* y procede que éste sea separado del ejercicio de la profesión legal.


IV.

Por los fundamentos antes expuestos, se suspende al licenciado Rodríguez Lugo inmediata e indefinidamente del ejercicio de la abogacía.

En consecuencia, se le impone el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Adán A. Rodríguez Lugo

Núm. TS-13,630

SENTENCIA

En San Juan, Puerto Rico a 24 de enero de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al Lcdo. Adán A. Rodríguez Lugo inmediata e indefinidamente del ejercicio de la abogacía.

Se le impone al licenciado Rodríguez Lugo el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Adán A. Rodríguez Lugo          AB-2017-0181
      (TS-13,630)

RESOLUCIÓN
*NUNC PRO TUNC*

En San Juan, Puerto Rico, a 7 de febrero de 2019.

Se enmienda *nunc pro tunc* nuestra Opinión *Per Curiam* y Sentencia del 24 de enero de 2019 al único fin de hacer constar que las mismas deben llevar el número de queja AB-2017-0181.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


                    José Ignacio Campos Pérez
                 Secretario del Tribunal Supremo