EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Carlos A. Mondríguez Rivera<br>Luis Torres González | 2016 TSPR 178<br><br>195 DPR ____ |

Número del Caso: TS-13502
              TS-4844


Fecha: 4 de agosto de 2016


Programa de Educación Jurídica Continua

        Lcda. Geisa Marrero Martínez
        Directora Ejecutiva

        Lcdo. José Ingacio Campos Pérez
        Director Ejecutivo


Materia: Conducta Profesional –


**TS-13502**
La suspensión será efectiva el **16 de agosto de 2016,** fecha en que se le notificó al abogado de su suspensión inmediata.

**TS-4844**
La suspensión será efectiva el **18 de agosto de 2016,** fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos A. Mondríguez Rivera                TS-13502
Luis Torres González                       TS-4844

*PER CURIAM*

En San Juan, Puerto Rico, a 4 de agosto de 2016.

Nos vemos forzados a suspender indefinidamente a dos abogados del ejercicio de la profesión legal por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y hacer caso omiso a los requerimientos del PEJC y de este Tribunal.

I.

A. TS-13502

El Lcdo. Carlos A. Mondríguez Rivera fue admitido al ejercicio de la abogacía el 30 de enero de 2001. El 15 de febrero de 2011 la entonces Directora del PEJC, la Lcda. Yanis Blanco Martínez, refirió a nuestra atención la incomparecencia del

licenciado Mondríguez Rivera a la vista informal a la que fue citado por incumplir con los requisitos del Programa durante el periodo de 1 de enero de 2007 al 31 de diciembre de 2008. Luego de varios trámites, el 30 de agosto de 2012 el PEJC nos informó que el licenciado Mondríguez Rivera cumplió con los requisitos correspondientes a los periodos 2007-2008 y 2009-2010, pero no pagó la cuota por cumplimiento tardío de cada uno de esos periodos.[1]

El 21 de septiembre de 2012 emitimos una Resolución concediéndole al licenciado Mondríguez Rivera un término de quince (15) días para pagar las cuotas por cumplimiento tardío adeudadas. Le apercibimos que su incumplimiento podía conllevar sanciones adicionales, como la suspensión del ejercicio de la profesión. A pesar de que la Resolución fue notificada personalmente el 26 de septiembre de 2012, el PEJC nos informó en octubre de 2014 que el licenciado todavía no había pagado dichas cuotas.[2]

Así las cosas, el 10 de junio de 2016 le concedimos un término de veinte (20) días al PEJC para que nos informara si el licenciado subsanó los incumplimientos que surgían de la moción presentada por el Programa el 31 de octubre de 2014. El 21 de junio de 2016 compareció el Director del PEJC, Lcdo. José Ignacio Campos Pérez, mediante una *Moción en*

---

[1] En la moción presentada, el Programa de Educación Jurídica Continua (PEJC) enfatizó que en marzo de 2012 el Lcdo. Carlos A. Mondríguez Rivera completó los créditos del periodo que finalizó en diciembre de 2008. Asimismo, en junio de 2012 subsanó la deficiencia del periodo que culminó en diciembre de 2010.

[2] En vista de que el proceso ante este Tribunal no había culminado, el Programa nos indicó que no citarían al licenciado por su incumplimiento con los requisitos para el periodo 2011-2012.

*cumplimiento de orden.* En síntesis, informó que el licenciado aún no ha cumplido con los requisitos del Programa para los periodos 2011-2012 y 2013-2014[3] y tampoco ha pagado la cuota de cumplimiento tardío correspondiente a los periodos 2007-2008, 2009-2010, 2011-2012 y 2013-2014.

### B. TS-4844

El Lcdo. Luis Torres González fue admitido al ejercicio de la abogacía el 20 de mayo de 1975.[4] El 10 de octubre de 2014, la entonces Directora del PEJC, Lcda. Geisa M. Marrero Martínez, presentó ante nosotros un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua.* Señaló que el 3 de septiembre de 2009, el PEJC le envió al licenciado Torres González un *Aviso de Incumplimiento* porque no cumplió con los requisitos del Programa durante el periodo de 1 de agosto de 2007 al 31 de julio de 2009.[5] A pesar de que una de las alternativas que se le otorgó en el aviso fue tomar los cursos dentro de un término adicional de sesenta (60) días, el licenciado Torres González no tomó los cursos adeudados, ni pagó la cuota por cumplimiento tardío.

---

[3] Sin embargo, señaló que el licenciado no ha sido citado a una vista informal con relación a esos periodos.

[4] Surge del expediente que el Lcdo. Luis Torres González prestó juramento como notario el 20 de junio de 1975, pero renunció al notariado mediante carta de 1 de marzo de 1990. La renuncia fue autorizada a través de nuestra Resolución de 15 de noviembre de 1990, una vez tomamos conocimiento de que su obra notarial fue examinada, aprobada y entregada al Archivo Notarial del Distrito de Guayama. En esa Resolución también dimos por terminada la fianza otorgada por el Colegio de Abogados de Puerto Rico.

[5] Cabe mencionar que, según el *Informe* presentado, el licenciado Torres González también incumplió con los requisitos del PEJC durante los periodos de 2009-2011 y 2011-2013, pero para aquél entonces, no se había citado a una vista informal.

En consecuencia, el 1 de septiembre de 2011 el PEJC lo citó a una vista informal a celebrarse el 28 de septiembre de 2011. El licenciado Torres González no compareció a esa vista.[6] Ante la actitud de indiferencia del licenciado en cuanto a los requerimientos del PEJC, el asunto se refirió a este Tribunal para que tomáramos conocimiento de la situación y le concediéramos un término final al licenciado Torres González para subsanar la deficiencia.

El 31 de octubre de 2014 emitimos una Resolución en la cual le concedimos al licenciado Torres González un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante éste cuando le fue requerido. Posteriormente, el 28 de abril de 2015 le concedimos un término final de veinte (20) días para cumplir con nuestra Resolución de 31 de octubre de 2014. Por último, el 18 de marzo de 2016 le concedimos nuevamente un término final e improrrogable de veinte (20) días para cumplir con nuestra orden. Le apercibimos que su incumplimiento podía conllevar como sanción la suspensión inmediata. Esta Resolución se le notificó personalmente el 6 de abril de 2016. Al presente, el licenciado Torres González no ha comparecido.

---

[6] El 23 de septiembre de 2011, una señora de apellido García llamó al Programa e indicó que recibió una citación a vista informal dirigida al licenciado, pero que éste padecía de condiciones de salud. Una funcionaria del PEJC le explicó que debían comparecer por escrito. Sin embargo, no surge comunicación posterior alguna. *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*, pág. 1, esc. 1.

II.

El Canon 2 de nuestro Código de Ética Profesional, 4 LPRA Ap. IX, C. 2, dispone que los abogados y las abogadas tienen el deber de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional […]". Esa responsabilidad tiene como propósito viabilizar que toda persona goce de una representación legal adecuada. Íd.

En consideración a la exigencia antes expuesta, este Tribunal adoptó el Reglamento de Educación Jurídica Continua y, posteriormente, el Reglamento del PEJC al amparo de nuestro poder inherente para reglamentar la profesión de la abogacía. Véase In re Regl. Educ. Jur. Cont., 146 DPR 494 (1998); In re Aprobación Prog. Educ. Jur., 164 DPR 555 (2005). Véase, además, In re Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua, 193 DPR 233 (2015).

Está firmemente establecido que cuando un miembro de la profesión legal incumple con los requisitos del PEJC, no sólo le genera costos administrativos al Programa, sino que también incurre en un acto contrario al deber de excelencia y competencia requerido por el Canon 2 del Código de Ética Profesional, supra. In re López Santos, et al., 2016 TSPR 37, pág. 11, 194 DPR ___ (2016); In re Nieves Vázquez, et al., 2016 TSPR 22, pág. 13, 194 DPR ___ (2016); In re Cepero Rivera, et al., 2015 TSPR 119, pág. 9, 193 DPR ____ (2015).

En consecuencia, frecuentemente hemos suspendido a abogados y abogadas del ejercicio de la profesión por no cumplir con los requisitos del PEJC ni atender sus requerimientos. Véase, In re López Santos, et al., supra; In re Nieves Vázquez, et al., supra; In re Arroyo Acosta, 192 DPR 848, 852 (2015).

Asimismo, los miembros de la profesión legal tienen la obligación de responder oportunamente a los requerimientos de este Tribunal. Véase In re García Ortiz, 187 DPR 507, 524 (2013); In re Grau Collazo, 185 DPR 938, 943-944 (2012). Reiteradamente hemos señalado que desatender nuestras órdenes constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, y tiene como consecuencia la suspensión del ejercicio de la profesión. In re López Santos, et al., supra, págs. 11-12; In re Nieves Vázquez, et al., supra, págs. 13-14; In re Guzmán Rodríguez, 187 DPR 826, 829 (2013). Ello porque es una conducta que no se caracteriza por el mayor respeto, lo cual es contrario al referido canon.

III.

En vista de los hechos reseñados y del derecho aplicable, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del licenciado Mondríguez Rivera y del licenciado Torres González. Así pues, se les impone el deber de notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberán además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tengan asuntos

pendientes. Por último, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente al licenciado Mondríguez Rivera y al licenciado Torres González esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Carlos A. Mondríguez Rivera          TS-13502
Luis Torres González                 TS-4844


SENTENCIA


En San Juan, Puerto Rico, a 4 de agosto de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Carlos A. Mondríguez Rivera y del Lcdo. Luis Torres González del ejercicio de la abogacía.

Se les impone el deber de notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberán además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tengan asuntos pendientes. Por último, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente al licenciado Mondríguez Rivera y al licenciado Torres González esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Estrella Martínez no intervinieron.


                         Juan Ernesto Dávila Rivera
                        Secretario del Tribunal Supremo