EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2020 TSPR 141 |
| Carlos A. Mondríguez Rivera (TS-13,502) | 205 DPR _____ |

Número del Caso:  CP-2013-01


Fecha:  12 de noviembre de 2020


Oficina del Procurador General:

    Lcda. Lisa M. Durán Ortiz
    Procuradora General Interina

    Lcda. Minnie H. Rodríguez López
    Procuradora General Auxiliar

Abogados del querellado:

    Lcda. Daisy Calcaño López
    Lcdo. Raúl Rodríguez Quiles


Materia:  Conducta Profesional - Censura al abogado por violar los Cánones 19 y 26 de Ética Profesional.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos A. Mondríguez Rivera | CP-2013-01

(TS-13,502)

PER CURIAM

San Juan, Puerto Rico, a 12 de noviembre de 2020.

Hoy, ejercemos nuestro poder disciplinario en torno a un miembro de la profesión jurídica por incumplir con los Cánones 19 y 26 del Código de Ética Profesional, infra. Específicamente, por permitir que prescribiera la causa de acción de un cliente sin realizar gestión alguna para comunicarle la cercanía del vencimiento del término ni para recibir la información necesaria para presentar la demanda correspondiente. Con ello en mente, procedemos a exponer el trasfondo fáctico y procesal que originó la controversia ante nos. Veamos.

I.

El 23 de agosto de 2004, el Sr. Ernesto Vázquez Martínez (señor Vázquez Martínez) presentó una queja ética en contra del Lcdo. Carlos A. Mondríguez Rivera (licenciado Mondríguez Rivera), la cual dio lugar a la presentación de una querella por la Oficina del Procurador General. En la querella, se expuso que el 21 de mayo de 2003 el señor Vázquez Martínez

acudió a las oficinas del letrado con el interés de presentar una acción legal en contra del Municipio de Humacao. Particularmente, alegó que fue despedido de su empleo por razones ideológicas. A esos fines, le entregó al licenciado Mondríguez Rivera la carta de cesantía recibida, la cual especificaba que tenía un término de treinta (30) días para impugnar la decisión ante la antigua Comisión Apelativa de Sistema de Administración de Recursos Humanos en el Servicio Público (CASARH).

El licenciado Mondríguez Rivera le indicó al señor Vázquez Martínez que éste debía pagar, previo a que culminara el término para acudir a la CASARH, cincuenta dólares ($50) por la consulta inicial y cuatrocientos dólares ($400) por las costas y gastos que presuntamente conllevaría el litigio. De igual modo, le solicitó que le proveyera información adicional sobre sus alegaciones de discrimen en su despido. Las partes no suscribieron un acuerdo escrito para materializar la contratación del abogado.

El señor Vázquez Martínez desembolsó un total de doscientos cincuenta dólares ($250) previo a que expirara dicho término, más el restante de los doscientos dólares ($200) los pagó posteriormente. Debido a lo anterior y ante la ausencia de la información requerida, el licenciado Mondríguez Rivera no presentó el recurso de apelación ante la CASARH.

No obstante, el letrado le expresó al señor Vázquez Martínez que aún se podía presentar una causa de acción por

alegado discrimen en el empleo ante el Tribunal de Primera Instancia. Para ello, le solicitó nuevamente que le proveyera información adicional que sustentara sus reclamos; particularmente, sobre otros empleados y empleadas con menor antigüedad que presuntamente mantuvieron sus empleos.

Sin embargo, durante el próximo año, las comunicaciones entre el licenciado Mondríguez Rivera y el señor Vázquez Martínez cesaron. El letrado no se comunicó en momento alguno para recordarle a su cliente sobre el vencimiento del término prescriptivo ni para solicitarle nuevamente la información necesitada. Pasado el término prescriptivo de un (1) año para presentar la causa de acción, el hermano del señor Vázquez Martínez contactó al licenciado Mondríguez Rivera y le dejó un mensaje telefónico en el cual le proveyó la información solicitada. A pesar de lo anterior, el letrado no le notificó al señor Vázquez Martínez que no estaría presentando su causa de acción ni ejerció gestión alguna para devolverle el dinero desembolsado.

En virtud de estos hechos, la Oficina del Procurador General formuló dos (2) cargos en contra del licenciado Mondríguez Rivera por violación a los Cánones 19 y 26 del Código de Ética Profesional, 4 LPRA Ap. IX. Señaló que el letrado tenía un deber de notificar e informar a su cliente que no estaría instando la demanda. De igual modo, indicó que el licenciado Mondríguez Rivera retuvo indebidamente el dinero entregado y que no realizó gestión alguna para devolverlo.

Por su parte, el licenciado Mondríguez Rivera arguyó que no estaba obligado a presentar la causa de acción del señor Vázquez Martínez, pues no tenía información suficiente para ello. A esos fines, expresó que no hubiese sido responsable de su parte presentar una demanda sin tener todos los elementos necesarios. Por otro lado, adujo que contactó al señor Vázquez Martínez para que pasara por su oficina para devolverle el expediente y el pago desembolsado, más que éste presuntamente nunca lo hizo.

Ante este cuadro, este Tribunal nombró a la Hon. Ygrí Rivera de Martínez como Comisionada Especial para que recibiera la prueba y rindiera un informe con las determinaciones de hecho y las recomendaciones correspondientes. Sin embargo, el 4 de agosto de 2016, el licenciado Mondríguez Rivera fue suspendido de la abogacía por desatender los requerimientos del Programa de Educación Jurídica Continua e incumplir con las órdenes de este Tribunal. In re Mondríguez Rivera, 2016 TSPR 178. En consecuencia, la querella disciplinaria que nos ocupa fue archivada hasta el 9 de abril de 2018, cuando fue reinstalado a la profesión. In re Mondríguez Rivera, 2018 TSPR 54. Una vez reactivada la misma, el 21 de marzo de 2019, el licenciado Mondríguez Rivera informó a este Tribunal que devolvió el depósito entregado por el señor Vázquez Martínez.

Una vez celebrada la vista en su fondo ante la Comisionada Especial, ambas partes presentaron memorandos de derecho. La Oficina del Procurador General arguyó que el

licenciado Mondríguez Rivera estaba obligado a desplegar un esfuerzo razonable y diligente para notificarle a su cliente que su causa de acción estaba próxima a prescribir. Así, expuso que el letrado tenía en el expediente dos (2) números de teléfono, dirección residencial y dirección postal del señor Vázquez Martínez. Por tanto, alegó que éste tenía los medios suficientes para informar adecuadamente a su cliente sobre la necesidad de presentar la demanda antes de que culminara el término prescriptivo. Asimismo, resaltó que el licenciado Mondríguez Rivera retuvo indebidamente un desembolso de cuatrocientos dólares ($400) sin conllevar esfuerzos razonables para su devolución.

Por otro lado, el licenciado Mondríguez Rivera reiteró que no estaba en posición de presentar una causa de acción ante los foros judiciales, debido a que no contaba con la información necesaria para ello. En consecuencia, señaló que la causa de acción prescribió por falta de interés del señor Vázquez Martínez. Por último, adujo que entre el señor Vázquez Martínez y él no se generó una relación abogado-cliente, pues presuntamente éste le aclaró que no lo representaría legalmente hasta que recibiera dos (2) elementos: (1) el pago de cuatrocientos dólares ($400) para las costas del litigio, y (2) la información necesaria para sustentar sus reclamos. En virtud de que esta última información nunca se proveyó, el licenciado Mondríguez Rivera sostuvo que no se convirtió propiamente en abogado del señor Vázquez Martínez.

Ante ello, la Comisionada Especial emitió un informe ante este Tribunal. En las determinaciones de hechos, aclaró que, una vez el señor Vázquez Martínez contrató los servicios del licenciado Mondríguez Rivera en esa entrevista inicial, el letrado **no volvió a contactar a su cliente**. Entiéndase, durante el próximo año, no contactó al señor Vázquez Martínez para reiterarle la necesidad de obtener información adicional para presentar su causa de acción ni le informó sobre el término de un (1) año que estaba próximo a vencer. De igual modo, una vez el letrado supo que no iba a presentar la causa de acción de su cliente, no desplegó gestión alguna para que su cliente recibiera el expediente y el depósito. Lo anterior, a pesar de que el señor Vázquez Martínez intentó comunicarse y hasta visitó la oficina del letrado para obtener los documentos y el depósito. Por último, señaló que el licenciado Mondríguez Rivera expresó arrepentimiento por lo ocurrido y se disculpó presencialmente con el señor Vázquez Martínez en la vista celebrada.

A la luz de estos hechos, la Comisionada Especial determinó que entre el licenciado Mondríguez Rivera y el señor Vázquez Martínez se configuró una relación abogado-cliente, pues la prueba presentada demostró que hubo un entendido de que se estaría presentado una causa de acción en representación del cliente. Debido a lo anterior, concluyó que el letrado estaba obligado a mantener informado a su cliente y a advertirle del vencimiento del término prescriptivo de su causa de acción. De igual manera, determinó

que el licenciado Mondríguez Rivera retuvo indebidamente por más de quince (15) años un depósito para una causa de acción que no presentó. En virtud de estos fundamentos, concluyó que el licenciado Mondríguez Rivera infringió los Cánones 19 y 26 del Código de Ética Profesional, 4 LPRA Ap. IX.

Una vez establecidos los hechos particulares de este caso, procedemos a exponer el Derecho aplicable a la controversia ante nos.

**II.**

En nuestro ordenamiento, las personas que ejercen la profesión legal están obligadas por el Código de Ética Profesional, 4 LPRA Ap. IX. Entre estas normas mínimas de conducta, se encuentra el Canon 19 del Código de Ética Profesional, 4 LPRA Ap. IX, el cual dispone que "el abogado [o la abogada] debe mantener a su cliente siempre informado de **todo asunto importante** que surja en el desarrollo del caso que le ha sido encomendado". (Énfasis suplido). El deber de comunicación y de notificación efectiva es "imprescindible en la relación fiduciaria que caracteriza el vínculo abogado-cliente". In re Rivera Nazario, 193 DPR 573, 585 (2015). Lo anterior, conlleva necesariamente que las personas que ejerzan esta profesión mantengan una comunicación eficiente con sus clientes.

Particularmente, este Tribunal ha resuelto que los abogados y las abogadas no pueden cruzarse de brazos ante el vencimiento de términos prescriptivos. In re Rodríguez López, 196 DPR 199, 211 (2016). Al contrario, tienen una obligación

de darle seguimiento a los casos que han aceptado trabajar y de mantener a sus clientes informados de la cercanía de la prescripción de un término.

El deber de mantener informado a los y las clientes es de tal importancia, que el mismo no cede aún cuando éstos se tornan inaccesibles. In re Carrasquillo Bermúdez, 203 DPR 847, 862 (2020). Incluso en estas circunstancias, los abogados y las abogadas tienen la responsabilidad de desplegar gestiones razonables para contactar e informar al cliente o la clienta. Íd.

Por otro lado, el Canon 26 del Código de Ética Profesional, 4 LPRA Ap. IX, provee que "ningún abogado [o abogada] está obligado a representar a determinado cliente y es su derecho el aceptar o rechazar una representación profesional". A la luz de este postulado, hemos resuelto que **"en el descargo de su responsabilidad para con la persona que solicita sus servicios, el abogado debe ser claro y preciso en cuanto a si acepta o no representar sus intereses, y hacerlo saber a dicha persona sin lugar a equívocos"**. (Énfasis suplido). In re Agostini de Torres, 103 DPR 910, 911 (1975). Entiéndase, los abogados y las abogadas tienen el deber de informarle adecuadamente a aquellos que solicitan sus servicios si aceptan o no la labor de representarlos legalmente.

De lo contrario, si el abogado o la abogada no es clara con sus prospectivos clientes y, a su vez, genera alguna expectativa de que accedió a ser su representante legal,

estará obligada a descargar su labor con rapidez y eficiencia. In re Acosta Grubb, 119 DPR 595, 603 (1987). En ese sentido, un abogado o una abogada "no puede ampararse en la ausencia de un contrato escrito, o en que no se le hiciera un abono inicial a sus honorarios, o en que no se hablara del importe o condiciones de sus servicios, para excusar su responsabilidad, **si por sus actos induce al cliente a creer que ha aceptado su representación**". (Énfasis suplido). In re Agostini de Torres, supra. En consecuencia, si el abogado o la abogada generó o pudo razonablemente generar una expectativa en el o la cliente de que asumió su representación legal, estará obligado a descargar su gestión responsable y diligentemente. In re Zayas Nieves, 181 DPR 49, 59 (2011).

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el licenciado Mondríguez Rivera.

## III.

Según discutimos, el licenciado Mondríguez Rivera recibió al señor Vázquez Martínez en su oficina, acordó presentar una causa de acción en representación de éste y le solicitó el desembolso de dinero para ello. A la luz de estos hechos, y de la credibilidad que adjudicó la Comisionada Especial a los testimonios vertidos en la vista, entendemos que en este caso se generó una relación abogado-cliente. De tener intenciones contrarias a ello, el licenciado Mondríguez Rivera tenía la responsabilidad y el deber de comunicárselo efectiva y claramente al señor Vázquez Martínez. Sin embargo, es indudable que las acciones del letrado generaron en el

señor Vázquez Martínez una expectativa razonable de que éste aceptó ser su representante legal, incluida la aceptación del pago parcial de costas y gastos. Por tanto, en ese momento, el licenciado Mondríguez Rivera se vio obligado a ejercer sus labores diligente y responsablemente.

Desafortunadamente, una vez el letrado aceptó representar legalmente al señor Vázquez Martínez, se cruzó de brazos por un (1) año entero sin desplegar esfuerzo alguno para contactar a su cliente. A sabiendas de que había un término prescriptivo transcurriendo, el licenciado Mondríguez Rivera no contactó ni una sola vez al señor Vázquez Martínez para reiterarle que le enviara la información solicitada ni para recordarle del posible vencimiento de su causa de acción. Como agravante, una vez venció el referido término, el letrado no desplegó esfuerzo alguno para devolver el expediente y el depósito pagado. De hecho, esperó catorce (14) años aproximadamente para gestionar tal devolución.[1]

Ciertamente, entendemos que el licenciado Mondríguez Rivera no estaba obligado a presentar una causa de acción para interrumpir el término prescriptivo si no tenía la

---

[1]Estas acciones incurridas por el Lcdo. Carlos A. Mondríguez Rivera pudieron ser constitutivas de una violación al Canon 23 de Ética Profesional, 4 LPRA Ap. IX, por retener indebidamente los fondos de su cliente. Sin embargo, estamos impedidos de atender tal reclamo, pues el mismo no se imputó en los cargos formulados en la querella presentada por la Oficina del Procurador General. Lo anterior, se debe a que "[i]mponer sanciones disciplinarias contra el abogado por alguno de esos cánones —ausentes en la querella— significaría violarle su debido proceso de ley, negarle la oportunidad que por derecho tiene a preparar una defensa adecuada e impedirle, asimismo, velar por su sustento". In re Pérez Riveiro, 180 DPR 193, 201 (2010).

información suficiente para ello. No obstante, ello no lo exime de ejercer acciones afirmativas y razonables para salvaguardar, dentro de lo posible, la causa de acción de su cliente. A esos fines, como mínimo, el licenciado Mondríguez Rivera debió contactar a su cliente para solicitarle la información y comunicarle que, sin ésta, estaría impedido de presentar la demanda. Particularmente, el letrado debió notificarle el vencimiento próximo de su causa de acción y de la necesidad de recibir la información lo antes posible.

A la luz de los hechos reseñados, concluimos que el licenciado Mondríguez Rivera infringió los Cánones 19 y 26 del Código de Ética Profesional, 4 LPRA Ap. IX.

**IV.**

Resta determinar la sanción disciplinaria que nos corresponde imponer, evaluando lo siguiente: el historial previo del letrado, su reputación en la comunidad, si la conducta se realizó con ánimo de lucro, si aceptó los cargos imputados, su arrepentimiento, si concedió algún resarcimiento al cliente, y cualquier otra consideración que se estime pertinente. In re Toro González, 193 DPR 877, 897 (2015).

Surge del informe de la Comisionada Especial que el licenciado Mondríguez Rivera se disculpó con el señor Vázquez Martínez por su comportamiento y mostró arrepentimiento por los hechos ocurridos. A la luz de ello, y ante el hecho de que la controversia ante nos ocurrió hace alrededor de diecisiete (17) años cuando el letrado recién comenzaba su

práctica, estimamos procedente censurar al licenciado Mondríguez Rivera. Le apercibimos que, de repetirse en un futuro la conducta que dio lugar a este recurso, seremos mucho más severos en nuestra sanción.

Notifíquese por correo electrónico y por la vía telefónica esta Opinión <u>Per Curiam</u> y Sentencia al Lcdo. Carlos A. Mondríguez Rivera.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br><br>Carlos A. Mondríguez Rivera<br>(TS-13,502) | CP-2013-01 | |

SENTENCIA

San Juan, Puerto Rico, a 12 de noviembre de 2020.

Por los fundamentos expuestos en la Opinión <u>Per</u> <u>Curiam</u> que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se censura al Lcdo. Carlos A. Mondríguez Rivera y se le apercibe, que de repetirse en un futuro la conducta que dio lugar a este recurso, este Tribunal será mucho más severo en su sanción.

Notifíquese por correo electrónico y por la vía telefónica esta Opinión <u>Per Curiam</u> y Sentencia al Lcdo. Carlos A. Mondríguez Rivera.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Martínez Torres archivaría. La Juez Asociada señora Rodríguez Rodríguez y los Jueces Asociados señores Rivera García y Colón Pérez no intervinieron. La Jueza Presidenta Oronoz Rodríguez no intervino.


María I. Colón Falcón
Secretaria del Tribunal Supremo Interina